# LEE MERIWETHER v. PUBLISHERS: GEO. KNAPP & CO., Appellants.

## Division One, December 23, 1909.

1. **LIBEL: Malice: Matter for Jury.** Where fair-minded men may take different views of the effect of the evidence on the issue of malice, it becomes a fact to be determined by the jury, and is not merely one of law to be determined by the court.

2. ———: ———: ———: **Inadvertence: Disavowal.** Defendant's disavowal of malice, or its assertion of inadvertence in failing to publish the accessible antidote along with the poison, cannot be permitted to take the issue from the realm of fact and make it a question of law.

3. ———: ———: **How Determined.** Malice, like fraud, or any other matter resting in intent, is not visible to the eye, nor can it be felt by the finger. It may be deduced from words, acts or conduct which among plain people, in the common affairs of life, spell ill-will, point to wrongful intent to wound the sensibilities, break the manly pride and self-respect of an individual, and put him in a pillory of shame.

4. ———: **Demurrer: Omission.** If the publication omit any matter which would have told in the plaintiff's favor, it is a question for the jury whether the omission was material; and a demurrer, under such circumstances, should be overruled.

5. ———: **Former Adjudication: Materiality of Reply Omitted from Publication.** Plaintiff had brought a libel suit against defendant publishers of a newspaper, and had applied for a change of venue, and thereupon defendant published the petition, and its own answer pleading justification and mitigation, but omitted to publish plaintiff's reply then on file, and this last publication is the basis of this libel suit. *Held*, that the ruling of this court on the former appeal in this case that the replication was material to a proper understanding of that judicial proceeding, and that the question of its materiality to a full and fair understanding of that proceeding was not one of law for the court, became on the second trial and on this second appeal the law of the case, and is now *res adjudicata*. But even if the point were open, it would be held that a failure to publish the replication, along with the voluminous answer pleading justification, was a material omission for the consideration of the jury.

6. ———: **Evidence: Abandoned Answer.** The pleadings of a party, although abandoned, are admissible in evidence, where they contain admissions or statements against him. Where defendant in a libel suit pleaded, by way of justification, the truth of the charges, but afterwards abandoned that plea and stood alone on the question of privilege, it is not error to permit plaintiff to read to the jury defendant's abandoned answer.

7. ———: ———: ———: **Reiteration: Malice.** Reiteration of libel is competent proof. It tends to overcome the idea of honest mistake, and to establish malice.

8. ———: ———: **Deposition in Another Case: As Affecting Knowledge of Falsity of Charge.** A deposition by a witness in another suit by the same plaintiff against the same defendant, given in behalf of defendant before defendant's plea of justification was filed in this, and contradictory of one of the libelous charges in this, is competent evidence to bring home to defendant knowledge of facts and circumstances tending to establish plaintiff's innocence of the charge. Reiterating the truthfulness of a charge known to be false, or in regard to which the defendant was in possession of facts tending to show it was false, is competent on the issue of enmity and malice.

9. ———: **Instruction: Comment on Evidence.** Where the only issue in the case was whether or not defendant was actuated by malice in omitting to publish plaintiff's reply in a former libel suit denying its published answer of justification, an instruction, clearly setting forth the law of malice pertaining to such omission, is not objectionable as a comment on the evidence, or as singling out one item of evidence and laying undue stress upon it.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*R. L. Shackleford* and *Lehmann & Lehmann* for appellant.

(1)  The evidence is conclusive that the omission to include the replication in the report of the proceedings in court was not malicious but by inadvertence. (2)  The replication was in no sense material to a proper understanding of the judicial proceedings. Blondeau v. Sheridan, 81 Mo. 545; Sheehan v. Sims, 36

Mo. App. 224; Turner v. Butler, 126 Mo. 131; Howell
v. Reynolds Co., 51 Mo. 154; Nelson v. Wallace, 48 Mo.
App. 193; Crow v. Railroad, 57 Mo. App. 135. (3)
The question of the materiality of the replication to a
full and fair publication of the proceedings was one of
law for the court. Heller v. Publishing Co., 153 Mo.
205; Ukman v. Daily Record Co., 189 Mo. 378. (4)
The original answer of defendant and the testimony of
the witness Gebhardt given at the trial of the first
case were irrelevant to the issues herein. Snyder v.
Railroad, 112 Mo. 527; Morris v. Lachmann, 68 Cal.
109; Gilmore v. Borders, 2 How. (Miss.) 824; Shirley
v. Heathey, 44 Tenn. —. (5) The fourth instruction
was a comment upon the testimony and singled out one
item of evidence and laid undue stress upon it. Swink
v. Anthony, 96 Mo. App. 420; Barr v. City of Kansas,
105 Mo. 550. (6) The seventh instruction was erro-
neous in telling the jury they might consider in determ-
ining the motive of defendant in making the publica-
tion complained of, "any information concerning or
relating to the subject-matter of the libel which de-
fendant received before the publication complained of
and on which you may believe that it acted," when
there was no evidence as to any such matter in the case.
Friedman v. Publishing Co., 102 Mo. App. 683; Smith
v. Couch, 117 Mo. App. 267.

*A. E. L. Gardner* for respondent; *Lee Meriwether*
*pro se.*

(1) The evidence being conclusive that defendant
bore toward plaintiff a remorseless, vindictive, long-
continuing hatred, it was for the jury to say whether
the failure to publish plaintiff's replication was due to
inadvertence, or to malice. Meriwether v. Knapp, 211
Mo. 225. (2) The question of the materiality of the
replication to a full and fair publication of the proceed-
ings was one of fact for the jury. Meriwether v.
Knapp, 211 Mo. 225; Odgers on L. & S. (4 Ed.), 298.

(3)    When a publisher is advised of his error and hesitates to correct it the case arises to one of premeditated wrong, of settled and determined malignity towards the party injured. Bigney v. Van Benthuysen, 36 La. Ann. 38; 18 Am. and Eng. Ency. Law (2 Ed.), 1013. Gebhardt's testimony advised defendant in April, 1904, that the "Gebhardt" charge was untrue; defendant's answer filed three months later, June 23, 1904, repeated the Gebhardt charge; both, therefore, were relevant to the issues herein because, taken together, they show that defendant not only "hesitated to correct" its false accusation but actually repeated it, after it knew the accusation was false. Palmer v. Mahin, 120 Fed. 737; Kansas City Star v. Carlisle, 108 Fed. 356. Abandoned answers are admissible in evidence when they contain admissions or statements of facts against the interest of the party in whose pleadings they appear. Walser v. Wear, 141 Mo. 464; Donzelot v. Rawlings, 58 Mo. 77; Overton v. White, 117 Mo. App. 605. Evidence of utterance of other slanderous words is admissible whether made before or after the publication complained of, and the fact that they are contained in a pleading would not render them inadmissible. Callahan v. Ingram, 122 Mo. 355; Hall v. Jennings, 87 Mo. App. 627. The filing of an answer reiterating the Gebhardt charge three months after Gebhardt himself swore the charge was untrue showed malice; consequently, Gebhardt's testimony and defendant's original answer were admissible; anything that defendant ever said or did with reference to plaintiff may be urged as evidence of malice. Hall v. Jennings, 87 Mo. App. 587. Evidence that defendant could have ascertained from his own witness that the matters published were false justifies an instruction on punitive damages, on the ground of gross carelessness. Lamms v. Druggist Co., 20 Mo. App. 12. (4)    While it is not necessary for a plaintiff to prove the falsity of a libel when there is no plea of justification, yet it is

always competent for him to do so to enhance the damages. Palmer v. Mahin, 120 Fed. 737. (5) The fourth instruction is based upon the mandate of this court; when the case was here on first appeal the court said that an instruction should have been given to the jury on the question whether the omission of the replication was due to inadvertence, or was due to a desire to mislead the public, etc. The instruction here complained of by defendant uses almost *verbatim* the language of this court. Meriwether v. Knapp, 211 Mo. 225.

LAMM, P. J.—Libel. Once here on appeal from a $10,000 judgment and reversed and remanded for a new trial (Meriwether v. Knapp & Co., 211 Mo. 199), the cause comes up again from a judgment for $6,000. There is no call to restate the facts, since the former opinion should be read with this, and they sufficiently appear there. When the case went down plaintiff stood on his old petition; but defendant filed an amended answer eliminating matter of justification and mitigation. The gist of that answer was that it published a fair newspaper report of judicial action in a matter of public interest, *viz.*, a change of venue in a former libel suit between the same parties. In that publication it printed, as for an item of news, Mr. Meriwether's petition, its own answer (containing new matter) and plaintiff's affidavit for a change of venue, but omitted to print plaintiff's replication denying the new matter. The present libel is predicated of matter contained in defendant's answer, published as aforesaid, and the defence (as said) is that the publication was fair, impartial and made without malice, as the report of a judicial procedure, and, hence, privileged.

Any new facts, material to an understanding of errors now assigned, will appear in the opinion.

I.   When here before, it was ruled that a colorless publication of the pleadings and of the application for a change of venue, made at the time judicial action was taken upon said application, if made without malice, was privileged as an item of news in a case of public interest.   It was there held that: "The report might well include matter descriptive of issues in the case, the parties thereto, the steps already taken and the application for a change of venue.   What fairer way of describing the cause and the contention of litigants leading up to the application for a change of venue, than by a colorless publication of the pleadings and·application to change the venue as items of news?   No average intelligent reader could fairly consider such publication an independent charge in a newspaper of the facts alleged in the pleadings.   But, in this case, defendant did not publish the replication of plaintiff denying the averments of the answer.   We cannot say as a matter of law this omission meant malice.   If it was omitted for the purpose of misleading the public into believing the averments of the answer were not contradicted by plaintiff, it would certainly bear a malicious interpretation.   But if omitted by inadvertence, or because defendant believed the allegations of the petition and those of the answer taken together showed a controversy in court on all material facts alleged, we cannot say as a matter of law such omission was malicious.   That question should have been submitted to the jury under proper instructions."

At the present trial, plaintiff filed a reply to defendant's amended answer, charging as malicious the omission to publish plaintiff's reply denying the alleged libelous charges in the answer of defendant in the former case; that the publication was not a fair and impartial newspaper report of judicial proceedings in the first suit but was partial, malicious and not privileged.   To sustain such issue plaintiff introduced testimony of the character reviewed in the former case,

though of less volume. It was shown that the reply was on file at the time defendant published said pleadings; that the answer contained grave charges impugning his moral integrity and that the reply denied them; that such denial was accessible to defendant in the files of that case and was not published. Plaintiff also put in proof tending to show that the charges were false. Defendant contented itself with introducing testimony tending to show that the failure to publish the reply was an inadvertent oversight and without malice.

In this condition of things it is argued that the court should have taken the case from the jury on the theory there was no proof of the charge of malice. Defendant tendered a peremptory instruction in the nature of a demurrer to the evidence. It was refused and the point was saved. Is there soundness in the point? We think not. We ruled in effect, in the former case, that plaintiff made a case for the jury on the issue of malice; that two views could be taken of the effect of the evidence by fair-minded men, and that the issue became one of fact to be determined by the triers of fact and not one of mere law to be settled by the court. The only new evidence at the present trial was defendant's testimony tending to show that its omission to publish the replication was a mere inadvertence, and that it intended to publish all the pleadings. But that testimony was for the jury with the rest of it. It would not do to let a defendant's mere disavowal of malice or assertion of inadvertence or fair-mindedness take the issue from the realm of fact and make of it a question of law to be determined by the judge. Malice, like fraud, or any other matter resting in intent, is not visible to the eye nor can it be felt by the finger. It may be deduced from any words, acts or conduct which among plain people in the common affairs of life are taken to spell ill-will, point to a wrongful intent to wound the sensibilities, break the manly pride and self-respect of an individual and put him in

a pillory of shame. While defendant on this score puts itself in a better attitude than at the former trial, yet the question of libel or no libel was still one for the jury under our Constitution, when, as here, there could be put one or the other construction upon all the testimony in the case. Says Odgers (Odgers, Libel and Slander, 4 Eng. Ed., p. 298) : " . . . but if it [the report] omit any fact which would have told in the plaintiff's favor, it will be a question for the jury whether the omission is material." [See, also, American Pub. Co. v. Gamble, 115 Tenn. 663.] And so we ruled in the former case and rule now. It was not error to refuse the peremptory instruction.

II.   Citing cases to the effect that, as a mere convenient rule of practice, a reply will be deemed in where the cause was tried out on the theory one was filed, or as if one was filed, and using that doctrine as a postulate to reason from, counsel insist the replication was not material to a proper understanding of the judicial proceedings. They argue, moreover, that the question of the materiality of the replication to a full and fair publication of the proceedings was one of law for the court.

Those questions were also in the former case and were ruled adversely to defendant. Therefore they stand foreclosed and no longer open. When sent down for retrial on such ruling it became the law of this case, res judicata (Gracey v. St. Louis, 221 Mo. 1, and cases cited).

But if open and to be presently determined, we would rule them as we did before. The situation presented is unusual and challenges a close eye. Here was a controversy between an individual and a newspaper of high standing and great influence—the individual asserting he had been libeled, for that he was falsely charged in divers specifications bristling with details with having an

itching palm, a vendible honor and other earmarks
of gross moral turpitude, and that such false charges
were blazoned abroad in its news columns and read at
the firesides of a hundred thousand homes. Accord-
ingly he goes into a court of justice with his complaint.
He is met with an answer admitting the publication
but averring the charges are true. Not only so, but
that answer pleaded new matter by way of mitigation
which rubbed in the poison, or drove home the barb of
the libel. If the things alleged to have been done and
said by Meriwether were well laid at his door, then
instead of being a public man of sincerity, he was a
sort of Pecksniff—one of a class of canting hypocrites
    "Who stole the livery of the court of Heaven
    To serve the devil in,"
a mere whitened sepulchre full of dead men's bones.
But Meriwether quickly did what he could to set him-
self right and save his reputation by denying in writ-
ing the allegations of the answer and filing his denial in
court. Assuming the action of the court on his subse-
quent application for a change of venue was such ju-
dicial procedure in a matter of public interest as would
authorize the publication of the voluminous pleadings
in the case, defendant, to enlighten the public, publishes
the application for a change of venue and the plead-
ings, but in doing so omits a part favorable to plain-
tiff, to-wit, his denial of the new charges. Does it re-
quire reasoning to demonstrate that the trained mind
of a jurist, reading that newspaper, might not be mis-
led by the absence of plaintiff's denial, while to the lay
mind the matter took another color? The case allows
a homely illustration by way of hypothesis: *Time,* the
breakfast hour, December 15, 1903: *Scene,* the home
of the Smiths in Portland, Westmoreland or Hortense
Places: *Dramatis Personae,* Smith and wife. She
(laying down the Republic, her favorite morning

224 Sup—40

paper) to Smith opposite (coffee, bacon and hot cakes between): "I see, my dear, Mr. Meriwether sued our paper for libel. This morning's paper says all it said at the start is true and a great deal more dreadful stuff is true and that he is afraid to try the case in St. Louis. He says our paper has too much influence over us all." Then he: "What does Meriwether have to say about the new charges against him?" Then she: "Not a thing that I can find. They publish the whole story this morning. It looks quite bad for him, doesn't it?" Now, if Smith was a lawyer, learned in the rules of practice in courts, he would tell his wife that the present silence of Mr. Meriwether in court on the new charges did not amount to a pinch of snuff or the snap of his fingers; that in due time and apt form Meriwether would traverse those allegations and put himself upon the country. But if not a lawyer, he might well agree with his spouse that Mr. Meriwether was in a bad way and had nothing to say.

It is evident that a rule adopted for convenience in the administration of justice and well understood by persons skilled in court technicalities is out of place when applied to the everyday affairs of life, and no court could be justified in ruling (as a matter of law) that the omission to publish plaintiff's denial of the grave charges in the answer was immaterial on the issue of malice, where defendant seeks to shelter itself behind the bulwark of being privileged to make a fair and impartial report of a proceeding in court.

The point is ruled against defendant.

III. Over objection, plaintiff was permitted to read to the jury defendant's abandoned answer, and over timely objection, the testimony of one Gebhardt given at the trial of a former libel suit based on the same charges was read (Meriwether v. Knapp & Co., 120 Mo. App. 354). Error is assigned in that behalf. In our opinion there is no soundness in either contention. This, because:

(a) Reiteration of libel is competent proof. The gauge of exemplary damages as a deterrent to wrong-doers rises precisely as different degrees of settled ill-will and a rooted purpose to injure may exist. Reiteration tends to overcome the idea of honest mistake, inadvertence, mere fugitive spasms, ebullitions, or effervescence of wrath and the whole brood of mitigating circumstances, and to establish malice and mark the case as one punishable with little or much smart money. It is the doctrine of Missouri courts that the pleadings of the party, although abandoned, are admitted in evidence where they contain admissions or statements against his interest. [Dowzelot v. Rawlings, 58 Mo. l. c. 77; Walser v. Wear, 141 Mo. l. c. 463-4; Hall v. Jennings, 87 Mo. App. 627.]

Since the motive lying behind the spoken or written word lies at the foundation of malice, a defendant is permitted to prove his motives were good. Conversely plaintiff may show them bad. In this case defendant at one time pleaded, by way of justification, the truth of the charges, but presently it abandoned its plea of justification and stood alone on the question of privilege. Undoubtedly such abandonment was defendant's right. But if in the exercise of that right such abandonment tended to show lack of good faith in the charges or inability to prove they were true, then the abandonment becomes a fact to be considered on the issue of malice. From this viewpoint, it was proper to show the fact of abandonment, *ergo,* the former answer was competent proof.

(b) Was Gebhardt's testimony relevant? Learned counsel for defendant argue it was not. One of the libelous charges was to the effect that Mr. Meriwether tried to procure the withdrawal of Gebhardt as a candidate for the office of Marshal of the city of St. Louis at an election shortly to be held (he being a candidate of plaintiff's own party and an advocate of its principles) in order to consummate a pending deal in mu-

nicipal politics and line his pockets with an offered bribe. This charge was involved in the former libel suit between plaintiffs and defendant reported in the 120 Mo. App., *supra*. At a certain time during the pendency of that case defendant caused the deposition of Gebhardt to be taken. Gebhardt did not testify to the truth of that charge as made, but to the contrary. After that testimony was given by Gebhardt conveying notice to defendant that Gebhardt repudiated the charge as made, defendant filed its answer in the present cause containing its plea of justification on June 23, 1904. The theory on which Gebhardt's testimony was offered and admitted was to bring knowledge home to defendant of facts and circumstances tending to establish plaintiff's innocence of the Gebhardt charge. We think the testimony competent to bring home such knowledge or as tending that way. It bears on the issue of defendant's *bona fides*. It must not be overlooked that the main proposition in the present case is malice or the lack of it in omitting to publish the replication. On such issue the state of mind of defendant at the time of the omission became of the essence of things. For instance: If A and B are friends and A accuses B of a given malicious act, the circumstance of a genuine existing friendship between A and B would weigh heavily in the scale in favor of B's innocence. But, *contra*, if A and B are enemies that fact would tend the other way. So, if James shoot Peter with a pistol loaded with powder and a leaden bullet, and (being indicted) pleads a defense of accident or misadventure, would any court exclude testimony tending to show that James at the time had a mind fatally bent on mischief and devoid of social duty towards Peter? It must be held that reiterating the truthfulness of a charge known to be false, or in regard to which the party was in possession of facts tending to show it was false, is competent on the issue of enmity and malice. [Wagner v. Scott, 164 Mo. 289.] We are

referred to two well-reasoned cases elsewhere, sustaining that view of the law: Palmer v. Mahin, 120 Fed. 737, and Kansas City Star v. Carlisle, 108 Fed. 244. The assignment of error is disallowed.

IV. Two of plaintiff's instructions are complained of, viz.:

"4.   The jury are instructed that in determining whether the report of the proceedings in court, as mentioned in these instructions was a complete and accurate report, you may consider the evidence, if any, tending to show that prior to defendant's publication of said proceedings there was on file in the circuit court of the city of St. Louis, and accessible to defendant, plaintiff's reply denying defendant's charges in its answer contained.

"If, after considering this point, you believe defendant omitted to publish plaintiff's reply, not from mere inadvertence, or from a sincere belief that the publication of said reply was not of importance, but that it was omitted for the purpose of misleading the public into believing that the charges against plaintiff made in defendant's answer were not contradicted by plaintiff, then you will be warranted, if you see fit, in concluding that the omission to publish said reply was due to malice on defendant's part.

"Should you so conclude, and if you believe from the evidence that plaintiff's reply was necessary to a fair and impartial understanding of the proceedings purporting to be reported by defendant, then a report which omitted said reply was not a fair and impartial report, and your verdict should be against defendant's claim that the article complained of was published as a substantially fair and impartial report of the pleadings and proceedings in the cause then pending in court.

"7.   The court instructs the jury, if your verdict is for plaintiff in addition to compensatory damages

you may, if you think proper, under all the facts and circumstances shown in the evidence, assess in plaintiff's favor such further sum as exemplary or punitive damages, or smart money, as in your judgment, considering all the facts and circumstances in the case in evidence, you believe should be assessed against defendant by way of punishment for the act complained of, and to serve as a warning to prevent defendant and others from being guilty of a like act.

"And in determining such damages you may take into consideration the motive or purpose of defendant in making the publication as you may find it from the evidence; and in determining the motive or purpose you may consider any information concerning or relating to the subject-matter of the libel which defendant received before the publication complained of and on which you may believe that it acted, and any other publication of defendant as shown in the evidence, whether published before or after the publication of December 15th, 1903.

"And, weighing all these matters, you may award plaintiff such exemplary or punitive damages, if any, as you may deem proper."

It is argued that instruction numbered 4 is bad for that it was a comment upon the testimony and singled out one item of evidence and laid undue stress upon it. We do not entertain that view. In the case at bar, the distinguished counsel representing defendant in this and the former case labored diligently to convince us then that their client was invulnerable to libel under the facts because armed from head to foot in a panoply of privilege. They labored to have us rule, and we did rule, that defendant, if not actuated by an evil purpose, could seize the opportunity of a hearing on an application for a change of venue to publish a fair judicial report of that proceeding, pleadings and application inclusive. But it appears that a part of those pleadings favorable to plaintiff was omitted, and we

sent the case down to be tried to ascertain whether that omission meant malice. Under such circumstances, the instruction followed the directions of our mandate. We cannot very well hold that it was erroneous to do the very thing we told the trial court it should do.

It is argued that the seventh instruction is erroneous for that it tells the jury they might consider in determining the motive of defendant in making the publication "any information concerning or relating to the subject-matter of the libel which defendant received before the publication complained of and on which you may believe it acted." The vice in this instruction is said to be that there was no evidence as to any such matter in the case. We are unable to agree with counsel. There certainly was testimony, some of it favorable to defendant and some not, relating to information received prior to publication.

The case was well pleaded and well tried. Three juries have found for plaintiff, and that is some evidence of merit. Let the judgment be affirmed. All concur—*Woodson, J.,* in result. *Valliant, J.,* not sitting.