JAMES F. COCKRELL, Respondent, v. C. M. WILLIAMS, Appellant.

Kansas City Court of Appeals, February 12, 1917.

CONTRACTS: Pleading and Proof: Evidence. One who pleads a cause of action on a contract, but proves an entirely different contract must recover, if at all, upon the pleaded cause of action. Neither will he be allowed, under the guise of showing consideration in the pleaded cause of action, to prove another cause of action.

Appeal from Jackson Circuit Court.—*Hon. Stewart Taylor,* Special Judge.

REVERSED.

*Fyke & Snider* and *Martin E. Lawson* for appellant.

*Battle McCardle* for respondent.

BLAND, J.—In order to get at the matter in controversy in this appeal it is necessary first to set out the petition in the case, which, omitting caption, reads as follows:

"Plaintiff sued defendants and states that on all the dates hereinafter set forth, the defendant, Kansas City Terra Cotta Co., was and is a corporation, organized and existing according to law, and engaged in Kansas City, Missouri, in the manufacture of terra cotta; that A. F. Brooker was president of said corporation, and that A. F. Brooker and C. M. Williams were stockholders and financially interested in the same.

That on or about the third day of July, 1911, plaintiff at the special instance and request of said Kansas City Terra Cotta Co., acting through said Brooker in his capacity as president, and at the special instance and request of said Brooker and Williams in their individual capacity, did pay and deliver to said Kansas City Terra Cotta Co., the sum of one thousand dollars ($1000), and in consideration thereof said corporation, by and through said Brooker, did promise and agree to repay the same to plaintiff upon his requirement and demand, at the end of six (6) months from said date.

That at said date said Kansas City Terra Cotta Co., said A. F. Brooker and said C. M. Williams did execute and deliver to said plaintiff the following instrument in writing:

"Kansas City, Mo., July 3, 1911.

Received of JAMES F. COCKRELL, one thousand ($1000) dollars in payment for Certificate No. 82, for ten shares of the stock of the Kansas City Terra Cotta Company, upon the express condition that if at the end of the six months from the date hereof, said James F. Cockrell shall require the refund of said one thousand ($1000) dollars, upon his surrender of said certificate for

195 M. A.—26

said stock, the above Company shall forthwith refund said one thousand ($1000) dollars upon the surrender of said certificate as aforesaid, and do hereby guarantee him (6 per cent on his one thousand dollars for the said six months.

THE KANSAS CITY TERRA COTTA CO.,

By A. F. BROOKER, President.

A. F. BROOKER,

C. M. WILLIAMS, Agt.''

That at the end of six (6) months from aforesaid date, plaintiff did require and demand of defendant, Kansas City Terra Cotta Company, the refund of said one thousand dollars ($1000), and did upon his part comply with all the terms and conditions of said writing, but that said Kansas City Terra Cotta Company did refuse and does still refuse to refund to him said sum of one thousand dollars ($1000).

That by virtue of the execution of aforesaid agreement in writing, and the failure and refusal of said Kansas City Terra Cotta Company to refund to plaintiff said one thousand dollars ($1000) said Kansas City Terra Cotta Company, A. F. Brooker and C. M. Williams the defendants herein became indebted to this plaintiff in aforesaid sum of one thousand dollars ($1000), and at this time are still indebted to plaintiff in said sum.

WHEREFORE, plaintiff asks judgment against defendants in the sum of one thousand dollars ($1000), with interest thereon at six per cent (6 per cent) since January 3, 1912, and for costs.

BATTLE McCARDLE,

Attorney for Plaintiff.''

Afterwards the cause coming on for trial, plaintiff dismissed as to the defendant Kansas City Terra Cotta Co., obtained a default judgment against defendant Brooker, and amended his petition by inserting the following:

''That at said date and in signing said writing said Williams was acting in his capacity as an individual, and not as an agent of said corporation, and at such time was

not agent for said corporation and had no authority to act as such agent."

This case was formerly here on appeal (Cockrell v. Williams, 191 Mo. App. 246), at which time it was held by this court that the abbreviation "Agt." after the name C. M. Williams, signed to the agreement, might by evidence be explained so as to show that C. M. Williams signed in his individual capacity and not as agent for the Kansas City Terra Cotta Co., if such were the facts.

The petition states that the Kansas City Terra Cotta Co., Brooker and Williams executed and delivered a contract to plaintiff, which contract recites that plaintiff had purchased ten shares of stock in the company and had paid therefor one thousand ($1000) dollars, and as consideration for said purchase that plaintiff should have refunded to him by the company said sum of one thousand ($1000) dollars with six per cent (6) interest at the end of six months, if he did not want to keep the stock and would surrender it to the company; at the end of said six (6) months plaintiff elected not to keep the stock but to demand the refund of the said one thousand ($1000) and interest; that the company refused to refund to plaintiff his money and that by reason of such refusal the Kansas City Terra Cotta Co., A. F. Brooker and C. M. Williams became indebted to plaintiff in the sum of one thousand ($1000) dollars and said interest.

From the allegations of the petition it is plain that the petition charges Brooker and Williams were sureties or guarantors on the said contract signed by the Kansas City Terra Cotta Company. [Bank v. Bank, 244 Mo. 554; 20 Cyc. 1397; 32 Cyc. 14.]

Plaintiff testified that Williams was a stockholder in the Terra Cotta Company and Brooker was secretary; that prior to the transaction in controversy Williams on several occasions tried to persuade plaintiff to buy stock in the Kansas City Terra Cotta Co., but that plaintiff always refused to buy such stock, and that finally Williams persuaded him to go and view the plant of the Kansas City Terra Cotta Co. in the East Bottoms, in Kansas .

City, Missouri, with a view of having plaintiff buy some of its stock; that plaintiff viewed the plant and that it made a very poor impression upon him, and that he absolutely refused to buy any stock in the company. He said that sometime thereafter the defendant came to him and said: "I want to borrow one thousand dollars ($1000) for the company as they are short on the payroll, and I want to borrow the thousand dollars to get the money to meet the payroll of the company." "I told him that I did not want any stock in the company and would not have anything to do with it, but he said he wanted to borrow it himself and said; 'I will give you my personal note.' "

He further testified that Williams told him that he would not only give him his personal note for the one thousand dollars ($1000) but that he would secure such such note by an individual note of Brooker's and put up ten shares of stock in the Kansas City Terra Cotta Co. as additional security. The witness told defendant that he had the money and would accommodate him, but that he would loan it to *him;* that he did not care anything about the stock and that he did not want it; the witness said that he had previously loaned money to Williams and he thought that Williams was good, and that he did not value the stock at anything; that he loaned defendant, and the defendant alone, the one thousand ($1000) dollars and gave him a check for that amount, payable to C. M. Williams or order, and drawn on the Commercial Bank of Liberty, Mo., and signed by the plaintiff; that Williams did not give him any note or receipt at the time for the money, but in a few days he came to plaintiff's home in Liberty, Mo., and gave him the agreement or contract sued on; also a certificate for ten (10) shares of the capital stock of the Kansas City Terra Cotta Co. Plaintiff said that he did not look at the papers immediately but said he did look at them that night, but did not scrutinize them very closely; that he never discovered the abbrieviated word "Agt." after Williams' name until his attorney called his attention to it.

On cross-examination he stated positively that he never loaned any money to the Kansas City Terra Cotta Co., had nothing to do with it and that he loaned it to C. M. Williams, and that Williams was the man he expected to pay the money back to him, and that it was a straight loan to Williams; he stated that he kept the certificate of stock simply as security for the loan to williams and that he did not regard himself as a stockkholder; that he was not interested in any way in the company and that he did not even want the stock as security.

The only other witnesses in the case were plaintiff's son and daughter, both of whom corroborated plaintiff in his claim that the loan was made to Williams and Williams alone.

Appellant contends that the evidence in this case proves an entirely different cause of action than is stated in the petition. The cause of action stated in the petition is one upon an agreement signed by the Kansas City Terra Cotta Co. as principal, and Brooker and Williams as sureties, or guarantors. The evidence as we have detailed it above proves a cause of action wherein the plaintiff loaned defendant one thousand ($1000) dollars as a principal, and not as a surety or guarantor upon the contract sued on, and that said loan was to be evidenced by a note signed by Williams as principal.

It is well established in this State that a plantiff will not be permitted to declare upon one cause of action and recover upon another. [Faulkner v. Faulkner, 73 Mo. 327; Ingwerson v. Rd., 205 Mo. 328; Clements v. Yeates, 69 Mo. 623; Bank v. Umrath, 42 Mo. App. 528.] In this case plaintiff pleaded one contract and proved another. This constituted a total failure of proof and for that reason the demurrer to the evidence should have been sustained. [Ringer v. Holtzclaw, 112 Mo. 519; Perry v. Barrett, 18 Mo. 140, 20 Cyc. 1489.] In addition to the evidence already detailed, the plaintiff introduced the contract between himself and the Kansas City Terra Cotta Co. Brooker and Williams, being the same contract set forth in the petition. Plaintiff now claims that by reason of his having introduced this contract, he proved the cause

of action stated in the petition, and that the oral evidence above detailed was introduced for the purpose of showing the capacity in which the defendant signed the agreement, that is, to prove that the defendant signed it in his personal capacity and not as agent of the Kansas City Terra Cotta Co., and if the oral evidence went beyond the proof of the capacity in which Williams signed, the only objection that could be made against it was that it proved too much or more than plaintiff was required to prove. While it is true that there was oral evidence introduced tending to show in what capacity Williams signed the contract, the evidence that we have detailed above shows upon its face that it was not introduced for that purpose and instead of proving too much, it absolutely disproved the terms of the contract pleaded in the petition. Plaintiff further contends that the oral evidence was competent to explain the consideration of the written contract, whether this be true or not, if the evidence was for the purpose of explaining the consideration, it did not aid plaintiff in the least, for, as already stated, it proved another and entirely different contract from the one pleaded in the petition, and therefore, did not prove the contract pleaded, but disproved it. Under the guise of showing the consideration plaintiff could not show an entirely different contract and cause of action than that pleaded in his petition. [Ringer v. Holtzclaw, supra; Bank v. Bank, supra, l. c. 576.]

Plaintiff's instruction No. 1 follows the allegations of the petition, and the giving of the same therefore was erroneous for it permitted the jury to find for plaintiff upon an entirely different contract from that proved by the evidence.

For the reasons given the judgment is reversed. All concur.