**ROBINSON STEEL CONSTRUCTION COMPANY, a Corporation, Respondent,**

v.

**Howard WHITE, Appellant.**

No. 29590.

St. Louis Court of Appeals.

Missouri.

Sept. 3, 1957.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 30, 1957.

Dan P. Reardon, Joseph G. Stewart, St. Louis, for appellant.

Greensfelder, Hemker & Wiese, Mark R. Gale, St. Louis, for respondent.

GEORGE P. ADAMS, Special Judge.

Defendant-appellant, Howard White, appeals from a judgment of the St. Louis County Circuit Court, entered on a jury verdict in favor of plaintiff-respondent, Robinson Steel Construction Company, for work and materials furnished defendant

by plaintiff's predecessor, the Robinson Construction Company. Plaintiff's right to sue is not disputed so both companies will be referred to as "plaintiff."

Defendant did not testify, was not present at the trial and offered no evidence. The cause, therefore, was submitted on plaintiff's evidence alone.

In January or February, 1953, Adolph Robinson was President of the Robinson Construction Company. This company was primarily engaged in heavy construction work. It did no home building. About that time, defendant, a friend whom Robinson knew very well, asked Robinson what he could do to help him remodel a home which he had bought. Robinson agreed to "turn it over" to Otto H. Olfe, then Vice-President of Robinson Construction Company and a most capable home builder—agreed to furnish defendant as good a man under Olfe as the company had at its actual cost or out of pocket money.

Thereafter, Olfe and Arthur H. Miller, Superintendent of Robinson Construction Company, met with defendant and defendant's wife. Defendant told Olfe and Miller that he wanted the building remodeled but he didn't know exactly what or how. Olfe said he would send their top man out and defendant could instruct him what to do. It was then agreed by Olfe and defendant that the company would furnish Raymond Neely, its carpenter-foreman, and Miller would stop by daily to see if Neely was there and if they needed any material and help in any way he could. Olfe instructed Miller to take Neely out to the job and see that he did whatever defendant wanted done and to also help secure the necessary materials.

From February 16, 1953 to June 16, 1953, Neely, and on two days a laborer-foreman employed by the company, worked at defendant's house under the supervision of Miller. During this period plaintiff paid for sundry materials used at the job and also paid for some hauling. Included in the items charged defendant as labor costs were the wages paid Neely and the laborer-foreman; $25 per week for Miller's supervision; payroll taxes; insurance; carpenter welfare fund payments ($16.80); and shop charges ($17.63). Plaintiff's evidence showed that payroll taxes, insurance, welfare fund payments and shop charges were customarily charged as labor costs. The amounts of all items charged were actual out of pocket expenses to plaintiff. No point is made on this appeal as to the quality of the work performed or the quantity of the materials furnished or the reasonableness of the charges therefor. It is unnecessary to burden this opinion with any further reference to these details.

Until the first week in June, Miller checked the job each day and if Neely needed any materials, Miller would order them. Defendant was at the job every day and would tell Neely what he wanted done that day. On numerous occasions Miller saw defendant at the job. Defendant never complained of anything until the last two weeks when he "got dissatisfied all at once." Although on April 21, April 30, May 29 and June 30 defendant received copies of statements showing the labor and material charges, he never challenged the company's right to order and pay for materials and hauling, or the manner of computing labor costs.

On November 30, 1953, he paid $1,500 on the account.

After unavailing efforts to collect the balance it claims to be due, plaintiff filed suit in two counts seeking recovery of $2,047.12, with interest from June 30, 1953.

Both parties treat Count I of the petition as pleading an express contract. It is, in part, as follows: "That defendant is indebted to the plaintiff in the sum of Three Thousand Five Hundred Forty-Seven Dollars and Twelve Cents ($3,547.12) for work done and materials furnished by plaintiff to the defendant at defendant's special instance and request." A payment of $1,500 is acknowledged. An itemized account is attached to the petition.

The second count was on quantum meruit and since the jury found for plaintiff on Count I only, we are not concerned with Count II.

In his First Amended Answer, defendant's defense was that the work was done and the materials were furnished voluntarily and gratuitously and it was intended that no monies be paid; that it was in "reciprocation of favors extended" to plaintiff by defendant. In his Second Amended Answer, defendant added an additional paragraph alleging that the work was unskillfully done; the hours charged were excessive; and defendant had to have most of the work redone.

At the close of plaintiff's evidence, defendant filed a motion for a directed verdict, which was overruled. Defendant's counsel then announced that his client was not present and he would introduce no evidence but would stand on his motion for a directed verdict. He then filed another motion for a directed verdict "at the close of all the evidence." This also was overruled. He then orally moved the Court to require plaintiff to elect upon which count it intended to proceed, which was overruled.

Both counts were submitted to the jury and the jury found for plaintiff under Count I, assessing its recovery at $2,047.12, with interest from June 30, 1953.

Instruction No. 2 authorized the jury to return a verdict for plaintiff if they found that plaintiff "performed work and furnished materials for the defendant" and "at his instance and request" and set the amount of recovery at "plaintiff's costs for such work and materials," less the $1,500 paid by defendant.

On this appeal defendant first complains that his motion for a directed verdict should have been sustained since Count I of plaintiff's case was "tried upon the theory of an express contract to provide work and materials at defendant's special instance and request and that defendant agreed to pay for said work and materials, whereas the evidence was an entirely different arrangement, whereby plaintiff was to furnish defendant a man."

Treating Count I as declaring on an express contract, which we do without further comment because the parties raise no issue in this respect, it states simply that defendant agreed to pay plaintiff $3,547.12 for work done and materials furnished defendant; that $1,500 has been paid, and defendant still owes plaintiff $2,047.12, with interest.

■ A contract, though express, need not be proved by direct testimony or evidence. It may be proved by indirect evidence, Farris v. Faris' Estate, Mo.App., 212 S.W.2d 71, 75(5); or established by facts and circumstances, Coffman v. Fleming, 301 Mo. 313, 256 S.W. 731, 733(3), Lauf v. Wiegersen, Mo.App., 21 S.W.2d 635, 637 (7). And, of course, the contract and its terms may be established by a combination of direct and circumstantial evidence.

At their initial meeting Robinson and defendant made no effort to outline the details of their agreement. They simply agreed that the matter of helping defendant with his remodeling would be turned over to Olfe and as good a man under Olfe as plaintiff had would be furnished, all at plaintiff's out of pocket money or actual cost. By agreeing to "turn it over" to Olfe, it is reasonable to infer that it was intended that Olfe determine the details and mechanics necessary to accomplish the assignment of assisting defendant with his remodeling and that all costs thereby incurred would be paid by defendant. Included in the authority turned over to Olfe was the responsibility and right to select the personnel and other necessary incidentals to provide the assistance requested by defendant. This is exactly what Olfe did when he and Miller met with defendant and his wife, at which time it was agreed that Neely would do the work under the supervision of Miller and Miller would check the job each day and see if they needed any materials and help

in any way he could. Under the circumstances in this case, to "see" if any materials were needed, reasonably contemplates an authorization to order such materials as were determined to be needed. To procure someone to haul away debris accumulated in the process of remodeling is likewise a reasonably contemplated incident to helping with the remodeling.

Thereafter, defendant was present at the job daily and since he was directing Neely what to do, he undoubtedly witnessed the procurement of the various materials and hauling paid for by plaintiff. In any event, he was made aware of these materials and services on at least four occasions when he received the statements on April 21, April 30, May 29 and June 30. He made no complaint that they were not included in his agreement with Robinson.

■ Considering the direct evidence of the testimony of Robinson as to his conversation and agreement with defendant, and Olfe's testimony as to the agreement he made with defendant and the indirect evidence as shown by the acts and conduct of the parties during the period of remodeling, there was substantial evidence from which the jury could find that defendant agreed to pay plaintiff for its actual cost in performing the work on, and furnishing materials and hauling to defendant's remodeling job. The motion for a directed verdict was, therefore, properly overruled.

Defendant next complains of the giving of Instruction No. 2, saying, "there was no evidence upon which the jury could find that defendant agreed to pay to plaintiff whatever plaintiff's costs might be for work and labor."

■ What we have already said disposes of this contention. However, in addition to the matters already considered on defendant's motion for a directed verdict, the jury was entitled to infer from defendant's failure to testify that his testimony would have been damaging and unfavorable to his own case. Irle v. Irle, Mo.App., 284 S.W.2d 44, 47(3); State ex rel. Wabash Ry. Co. v. Trimble, Mo.Sup., 260 S.W. 1000, 1003(5).

The cases of Heard v. Stahl, Mo.App., 271 S.W.2d 68, Cockrell v. Williams, 195 Mo. App. 400, 193 S.W. 869, Ringer v. Holtzclaw, 112 Mo. 519, 20 S.W. 800, and Usona Mfg. Co. v. Shubert-Christy Corporation, Mo.App., 132 S.W.2d 1101, cited by defendant in support of his first two allegations of error, are not in point and a discussion of their holdings would only unnecessarily lengthen this opinion.

■ Defendant's final point is directed against the admission in evidence of his first amended answer. As heretofore stated, defendant's second amended answer, upon which the case was tried, set up a new defense to plaintiff's cause of action and for the first time challenged the skillfulness of plaintiff's work and the reasonableness of the hours charged for. On cross examination of plaintiff's witnesses, defendant sought to get such issues before the jury. Plaintiff was entitled to have the jury consider defendant's prior answer which did not contain any such plea as it tended to show that such last raised defense was no more than an afterthought. Walser v. Wear, 141 Mo. 443, 42 S.W. 928, 933, Burton v. Phillips, Mo.App., 7 S.W.2d 712, 714 (5) (cited by defendant). To avail himself of this defense to Count I it was necessary that defendant plead it (Brush v. Miller, Mo.App., 208 S.W.2d 816, 821(9)), and defendant, having cross-examined on the subject, plaintiff was entitled to have the jury consider the fact that the defense was not raised in a former pleading. The fact that defendant never took the stand nor offered any evidence does not affect plaintiff's right to have the absence of such defense in prior pleadings shown in his case in chief.

Defendant cites Burton v. Phillips, supra, and Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 899(13, 14) in support of this final point. The Burton case supports

the action of the learned trial judge in admitting the answer in evidence. The Knorp case simply holds that a prior pleading containing an admission against interest is admissible in evidence. That case did not involve the situation of a prior pleading containing a matter tending to show an afterthought.

The judgment is affirmed.

MATTHES, Acting Presiding Judge, and ANDERSON, J., concur.