John MACHECA, Plaintiff-Respondent,

v.

DeWalt FOWLER, Defendant-Appellant.

No. 52414.

Supreme Court of Missouri,
Division No. 1.

March 13, 1967.

As Modified March 24, 1967.

John C. Shepherd, Paul V. Gilbert, Evans & Dixon, St. Louis, for appellant.

Gregg Wm. Keegan, St. Louis, James Jeans, St. Louis, of counsel, for respondent.

WELBORN, Commissioner.

John Macheca sued DeWalt Fowler for $25,000 damages for personal injuries claimed to have resulted from an automobile collision. A nine-man jury verdict was against the plaintiff and in favor of defendant. The trial court granted a new trial on plaintiff's motion. Defendant has appealed from the order granting a new trial.

The collision in question occurred on August 24, 1962, in St. Louis, in the vicinity of the intersection of Lindell Boulevard and Whittier Avenue. The four vehicles involved were eastbound on Lindell in morning rush hour traffic. A Rambler, driven by Dr. Arnold S. Block, was the farthest east. Immediately behind it was a Volkswagen, driven by Miss Diana Morgan. Immediately behind the Volkswagen was plaintiff's Ford station wagon. The defendant's Dodge was the next following vehicle. The Rambler came to a stop, then the Volkswagen and then the Ford. Defendant collided with the rear end of the Ford, knocking it into the Volkswagen and

that vehicle ran under the rear of the Rambler.

Plaintiff sued the drivers of the other three vehicles involved but motions for summary judgment on behalf of Doctor Block and Miss Morgan were sustained, so plaintiff went to trial against Fowler only. Plaintiff's case was submitted on the rear-end theory. The only instruction offered by defendant called for a verdict in his favor if the jury found that he was not negligent or that plaintiff was not damaged. The nine-man verdict was in favor of defendant. The trial court sustained plaintiff's motion for new trial for alleged errors in permitting the introduction into evidence of the allegations of negligence against Doctor Block and Miss Morgan in plaintiff's petition and in permitting argument based upon the admission claimed to have been made in such allegations. The trial court also sustained the motion for new trial on the grounds that it erred in permitting defendant to show that, although plaintiff had deleted any claim for lost wages from his petition prior to trial, plaintiff originally claimed a loss in weekly wages of $1,000.00. The court also sustained the allegation of error in permitting argument on the basis of the original claim of lost wages.

According to plaintiff's testimony, he was driving east on Lindell in heavy morning rush hour traffic, moving twenty to twenty-five miles per hour. A traffic signal at Sarah Boulevard, approximately a block east of Whittier apparently stopped the flow of traffic on Lindell and vehicles ahead of plaintiff came to a halt. He stated that Miss Morgan, in the Volkswagen immediately ahead, came to a gradual stop, without a signal or warning, and that he likewise came to a gradual stop. He had been stopped for four or five seconds when, without warning, defendant's vehicle struck plaintiff's auto in the rear. Plaintiff testified that he got out of his auto, went to defendant's vehicle, asked him what had happened and defendant re-

plied: "I am sorry, my foot slipped off of the brake and jammed down on the gas."

Defendant testified that he was about two car lengths behind plaintiff's vehicle, travelling at about twenty-five miles an hour. He noticed plaintiff's station wagon. "[S]uddenly the back raised up, and it seemed to me it was very close, and I jammed on my brakes and struck it." Defendant placed his speed at the time of impact at ten miles per hour. His auto skidded before it struck plaintiff's. Defendant acknowledged that he told plaintiff that his foot slipped off the brake, but claimed that this occurred upon impact.

On cross-examination of plaintiff, defendant's counsel inquired of plaintiff concerning the allegations in his petition in which he charged Miss Morgan with negligence in that "she did stop her said automobile at a time when the automobiles were in such close proximity behind her that a collision was imminent." Plaintiff's counsel's objection to the question on the grounds that the issue of Miss Morgan's liability had been settled by the summary judgment was overruled. Plaintiff stated that he knew nothing about the allegation of his petition in this respect or insofar as it charged that Miss Morgan failed to signal her intention to stop, as required by an ordinance of the City of St. Louis.

On redirect examination, plaintiff's counsel elicited from plaintiff that he knew nothing about the pleadings in the case. Counsel then proceeded to interrogate his client about his knowledge of the disposition of his claims against Doctor Block and Miss Morgan and when defendant's counsel objected to plaintiff's attorney's summarization of the record of such matters, plaintiff's counsel stated: "I would like to have the entire court file marked as Plaintiff's Exhibit 10, as a matter of evidence, and if the jury wants to see it they can." Defendant's counsel stated that he had no objection. The file was so marked and plaintiff's counsel proceeded to read

into this record the disposition of plaintiff's claim against the other two drivers.

Subsequently, as part of defendant's case, defendant's counsel read the allegations of the petition charging that Block and Morgan stopped when the autos behind them were in such close proximity that a collision was imminent and that they failed to signal their intention to stop. Provisions of an ordinance, set out in the petition, requiring a signal, were read. Plaintiff's counsel objected that the matters so read did not constitute admissions and the objection was overruled. Plaintiff's counsel then stated: "Let the record show that I desire to read from the court file which I will be very happy to let the jury have." He then proceeded again to read the record of the disposition of the Block and Morgan motions for summary judgment.

In Stolte v. Larkin, 8 Cir., 110 F.2d 226, 233, the court stated:

"There are admissions in pleadings which are conclusively binding upon the party making them. There are other such admissions of milder character which are not conclusive but which are proper evidence as constituting statements against interest. The latter class of admissions in pleadings occupies the same place in a trial as other admissions against interest no matter how made."

Appellant contends that the allegations of plaintiff's petition introduced into evidence are within the latter class and should have been admitted. Appellant's theory of the admissibility of these matters from the petition is stated as follows:

"This was a four-car rear end collision in which the defendant's automobile was the last car in line. It was the defendant's contention at the time of the trial that the plaintiff came to such a sudden stop that defendant could not avoid the accident and was thereby not negligent. The defendant contended that since he was behind the plaintiff's station wagon which was the next car in line, that he had a limited view

of the second car in line, the Volkswagen, as well as the first car. That is, did they come to a sudden stop without giving the plaintiff sufficient warning so that he in fact came to this sudden stop. The plaintiff, whose view was not so blocked but who admitted he could see over the Volkswagen and see the first car in line, was in a peculiar position to give testimony as to exactly what had happened to these automobiles. Therefore the plaintiff's previous claim that defendants Morgan and Block had come to sudden unsignaled stops was quite important."

 There are limits upon the use of a pleading allegation as an admission against interest. Thus, where a pleader pleads alternatively or inconsistently, as permitted by modern pleading rules, such inconsistent or alternative allegations may not be used against the pleader because "they do not possess the characteristics inherent in admissions against interest * *." Hardwick v. Kansas City Gas Co., 355 Mo. 100, 195 S.W.2d 504, 509, 166 A.L.R. 556. Similarly, legal conclusions may not be relied upon as admissions. Giannone v. United States Steel Corp., 3rd Cir., 238 F.2d 544, 548(9).

 In Missouri the general rule has been applied that, in cases involving multiple pleas, a pleading on one issue may not be used as an admission upon another issue in the same case. Johnson v. Flex-O-Lite Mfg. Corp., Mo.Sup., 314 S.W.2d 75, Hardwick v. Kansas City Gas Co., supra. In Johnson, plaintiff sued Hays, the driver of an auto in which he was a passenger. He also sued Shrum, the driver of a second vehicle involved in the collision, and Flex-O-Lite as owner of a third involved vehicle. At the trial, Hays, as a witness for plaintiff, testified that the Flex-O-Lite truck had sideswiped his car. Flex-O-Lite attorneys sought to introduce into evidence allegations from Hays' answer, charging, in effect, that the collision between his auto and Shrum's was caused solely by the negligence of Shrum.

When plaintiff failed to testify to any facts showing negligence on the part of Hays, Flex-O-Lite sought also to introduce the allegations of plaintiff's petition charging negligence to Hays. In holding that these matters were properly excluded, the court stated (314 S.W.2d 79):

"Here the appellants undertook to use for impeachment purposes pleadings directed at other parties in a multiple plea case, that is, the defendant Hays' plea against defendant Shrum and the plaintiff's plea against the defendant Hays. Since the pleas 'do not possess the characteristics inherent in admissions against interest' they cannot in these circumstances be used to impeach or discredit a party witness; otherwise, the purpose of our code and the office of the pleading thereunder would be perverted and defeated. If one such issue were read to the jury, then it might become necessary to read other averments in explanation thereof until the entire pleadings were before the jury, a thing our decisions forbid."

 Here, plaintiff charged the three defendants with acts of "combined and concurring negligence." The failure of his charges against the other two defendants did not defeat his right to continue to assert against the defendant here the matters alleged as negligence on this defendant's part. Plaintiff had the right to try his case on the issues made against this defendant without regard for the charges previously made against the two involuntarily dismissed defendants.

As Wigmore states in discussing the rule prohibiting the use of pleadings upon another issue in the same cause:

"[T]he object of each set of pleadings or counts is to raise and to define the separate issues, and any use of the one to aid the other would to that extent defeat this object and prevent the trying of the issue made.

" * * * It is a purely artificial rule, an exception to principle, and is rendered

necessary solely by the peculiar theory of common-law pleading; for its fundamental object is 'to separate the law from the facts, and to narrow the latter down to a single issue,' and the statute permitting multiple pleas did not and could not destroy the primary scheme of keeping each issue independent for the purpose of submission to the jury. Thus, in order to secure for each of these issues an independent investigation, it becomes necessary, during that trial, to ignore, artificially, the existence of the other series of pleadings in the same cause." IV Wigmore on Evidence, § 1064 (2), pp. 48–49.

Johnson v. Flex-O-Lite Mfg. Corp. recognizes a possible exception to the exclusionary rule where "a party-witness has testified contrary to a purely factual allegation of his pleadings." 314 S.W.2d 86. See Stolte v. Larkin, supra; Richardson v. Wendel, Mo.Sup., 401 S.W.2d 455, 460 [11]. The allegation regarding the lack of warning by Morgan and Block is not contrary to plaintiff's testimony on the trial, but is consistent with it. Obviously, if the contradiction is to be limited to "purely factual allegations," the provisions of the ordinance should not have been introduced. However, we would not consider that alone prejudicially erroneous.

Plaintiff did testify at the trial that Miss Morgan came to a "gradual stop" and that he did likewise. Defendant argues that the effect of plaintiff's petition was to charge that both Doctor Block and Miss Morgan came to a "sudden stop". However, no such language is to be found in the portions of the petition read into evidence. The charge is that the vehicles were stopped "when the automobiles were in such close proximity behind [them] that a collision was imminent." Even coupled with the subsequent charge of failure to signal, we do not accept plaintiff's construction of the pleading as equivalent to an allegation of a "sudden stop." To us, the language directly referring to the stopping does not purport to char-

acterize it as sudden or abrupt. In fact, we are somewhat at a loss to determine the exact meaning of the language used. It is more in the nature of a statement of a legal theory of possible liability than a "purely factual" statement. It is not, in our opinion, clearly equivalent to a charge of sudden stopping. In this respect, the allegation in Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, relied upon by plaintiff, which the court found equivalent to an admission by the defendant in a humanitarian case that the plaintiff was oblivious of peril, was much more detailed and factual than the allegation here involved.

In our opinion, this case does not fall within the exception suggested in Johnson v. Flex-O-Lite Mfg. Corp., supra, and the injection of the pleadings of plaintiff against the other defendants deprived plaintiff of a fair trial on the issue of the negligence charged against this defendant.

The evidence of the allegations of plaintiff's petition insofar as Doctor Block and Miss Morgan were concerned should have been excluded in this case. The injection of that evidence obviously tended to confuse the issues, and the trial court could correctly conclude that the error in the admission of the evidence justified the granting of a new trial.

Inasmuch as the other matter for which a new trial was ordered might recur, we refer briefly to it. Plaintiff's original petition alleged that he had suffered lost wages at the rate of $1,000 per week. Before trial, the petition was amended to delete reference to lost wages and in his opening statement counsel for plaintiff stated that his evidence would show no lost wages. Nevertheless, in his opening statement, counsel for defendant was permitted to tell the jury that it would be shown that plaintiff had originally claimed damages for lost wages of $1,000 per week. When plaintiff's counsel objected to the injection of this matter into the case, the court stated: "[H]e [defendant's counsel] can use the pleadings and you will have to

counteract it in any way you see fit." Defendant's counsel did read to the jury the allegation pertaining to lost wages which had been deleted from plaintiff's petition by amendment. On his closing argument, defendant's counsel dwelt at length on the claimed significance of the deleted allegation. For example, he stated:

"I suggest to you that a man who would exaggerate how much he lost in a case, a man who would exaggerate and say that he lost a thousand dollars a week in wages when he didn't, a man who would exaggerate in that kind of fashion might also exaggerate on how the accident happened."

" * * * When you get up in your jury room to determine this whole thing, I suggest to you that the facts of the accident have been exaggerated just the way they have tried to exaggerate everything else about a fracture and a wage loss, and all this other business * * *."

■ The evidence of what had been said in the deleted portion of the petition should not have been admitted because it did not constitute an admission. The plaintiff acknowledged that no claim was being made for lost wages. Certainly, the abandoned allegation did not contradict any testimony offered by plaintiff. The fact that he had previously asserted such a loss became immaterial when the claim was deleted from plaintiff's petition. Thereafter, there was nothing on that issue for contradiction and the injection of the deleted allegation could only have been for the purpose of providing a basis for the inflammatory and prejudicial argument of defendant. As the court stated in Johnson v. Flex-O-Lite Mfg. Corp. (314 S.W.2d 80):

"Proof of an averment, made hopefully or with undue optimism at pleading time, sometimes fails to develop at the trial, but a party is not required to prove every fact issue alleged, Barber v. Todd, Mo.App., 128 S.W.2d 290, 293 [5], under pain of being impeached and discredited."

In the cases cited and relied upon by defendant, the abandoned or amended pleading bore on an issue remaining in the case. Thus in Meriwether v. Publishers, 224 Mo. 617, 123 S.W. 1100, the abandonment of a defense of truth in a libel action in favor of a defense of privilege was held to bear upon the issue of malice. In Carter v. Matthey Laundry & Dry Cleaning Co., Mo.Sup., 350 S.W.2d 786, and Robinson Steel Const. Co. v. White, Mo.App., 305 S.W.2d 58, the subsequent addition of an answer of additional grounds of defense was permitted to show that the subsequent defenses, relied upon at the trial, were only afterthoughts, not advanced in good faith.

Our reference to the court's remarks upon the original objection of plaintiff to the use of the pleadings on the loss of earnings matter is sufficient to dispose of the defendant's claim that plaintiff's attorney waived any right to claim error in the introduction of the pleadings into evidence. The court at that point told plaintiff's attorney that defendant would be permitted to use the pleadings. We regard plaintiff's action thereafter as an effort to follow the court's admonition to "counteract it in any way you see fit." We do not consider the subsequent efforts of plaintiff's counsel, in such situation, to constitute a waiver.

The order granting a new trial is affirmed and the cause remanded.

HOUSER, C., concurs in result.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN, P. J., HENLEY, J., and HAYES, Special Judge, concur.

SEILER, J., concurs in result.