**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Respondent-Plaintiff,**

v.

**Edward KOENIGSMARK and Edward Amos, Appellants-Defendants.**

No. 49902.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 30, 1986.

Douglas B. Salsbury, Amelung, Wulff & Willenbrock, St. Louis, for appellants-defendants.

K. Steven Jones, Ralph V. Hart, Kortenhof & Ely, St. Louis, for respondent-plaintiff.

SATZ, Judge.

This action arises out of an auto accident between Edward Amos (Amos) and Edward Koenigsmark (Koenigsmark). Amos was driving a 1970 AMC Ambassador owned by Donald Mueller (Mueller). Mueller was insured by State Farm Mutual Auto Insurance Company (State Farm). State Farm filed suit against Koenigsmark and Amos, seeking a declaratory judgment that coverage under its insurance policy, issued to Mueller, did not extend to Amos. The trial court found in favor of State Farm. Koenigsmark appeals. We affirm.

On the day of the accident with Koenigsmark, Amos was driving Mueller's car. Although the car was titled in Mueller's name, it was purchased specifically for use by Mueller's daughter Becky. It was primarily used by her and referred to as her car. Mueller told Becky on several occasions, however, that she was not to allow anyone else to drive the car.

A few weeks prior to the accident, Becky had moved out of her parents' house and was staying with the Amos family. On the day of the accident, Becky left her car and keys at the Amoses' house and went to work with a friend. Amos asked Becky if he could use her car to go to a job site. Becky refused several times.

Amos testified by deposition. He said he had driven Becky's car with her permission almost every day since they had been dating. He also said Becky agreed to let him take the car on the day of the accident provided he dropped her off and picked her up at work. Amos admitted his license was suspended at the time of the accident.

The trial court found that Becky had not given Amos permission to drive, concluded Amos was not a permitted user and, therefore, decided Amos was not covered by State Farm's policy.

Koenigsmark raises six points on appeal. The first four center on paragraph 7 of State Farm's petition, which reads:

On or about May 4, 1982, the mentioned Ambassador Sedan was in the possession of Donald Harry Mueller's daughter, who, contrary to orders of Mr. Mueller, turned possession of the vehicle over to Defendant Edward Amos. Defendant Edward Amos then proceeded to operate the vehicle beyond and outside of and without the permission of Becky Mueller. During such operation by Edward Amos, the Ambassador Sedan came

into collision with a motor vehicle operated by Defendant Edward Koenigsmark.

Koenigsmark interprets this language to mean Becky turned the car over to Amos with her permission to drive it. To support this interpretation, Koenigsmark focuses on such phrases as: "Amos then proceeded to operate the vehicle beyond and outside of and without the permission of Becky Mueller" and "contrary to the orders of Mr. Mueller." Operating a motor vehicle "beyond and outside of the permission ... of Becky Mueller", Koenigsmark argues, presupposes Becky's permission had been given. Moreover, Koenigsmark notes, the only order of Mr. Mueller shown at trial was that Mueller told Becky not to let anyone else drive the car. To Koenigsmark, this clearly implies Becky gave Amos her permission to drive the car, since her permission would be "contrary to the orders of Mr. Mueller." Based upon this logic, Koenigsmark concludes the language used by State Farm constitutes an admission of fact: Becky gave permission to Amos to drive the car. Therefore, Koenigsmark argues, State Farm was precluded from introducing evidence contrary to this admitted fact. Nonetheless, Koenigsmark argues, the trial court improperly admitted contradicting evidence showing Becky did not give her consent. If this evidence were excluded as it should have been, Koenigsmark contends, the trial court could not have reached its finding that Becky had not "consented". Koenigsmark's argument is misdirected and, thus, misses the mark.

■ The trial court referred to the allegations in question as "somewhat ambiguous" but, nonetheless, found it was "not inconsistent with Becky's testimony and therefore not limiting." Admittedly, an ambiguous pleading is to be construed against the pleader and an allegation of fact contained within that pleading is binding on the pleader, *see E.C. Robinson Lumber Co. v. Ladman*, 255 S.W.2d 72, 78 (Mo.App.1953). A pleading, however, may

contain alternative, inconsistent claims, Rule 55.12; *see State ex rel. Hillery and Portners, Ltd. v. Kelly*, 448 S.W.2d 926, 931 (Mo.App.1969), and alternative allegations may not be used against the pleader, because "they do not possess the characteristics inherent in admissions...." *Macheca v. Fowler*, 412 S.W.2d 462, 465 (Mo. 1967).

■ We do not necessarily agree with the characterization of the allegations in question as being ambiguous, "somewhat" or otherwise. State Farm did plead Amos operated "the vehicle beyond and outside" of Becky's permission. This allegation is not made ambiguous, however, by State Farm's additional pleading that Amos operated the vehicle "without the permission of Becky Mueller." This latter allegation is merely an alternative allegation, which, absent a motion to make more definite and certain, State Farm was not required to plead in a separate count. *See Burckhardt v. Gen'l American Life Ins. Co.*, 534 S.W.2d 57, 63 (Mo.App.1975). The term "without permission" is explicit and direct. Its meaning is clear. Koenigsmark cannot read it out of the petition by focusing on other alternative allegations. Thus, it was proper for the trial court to permit Becky to testify she did not give Amos permission to drive the car.

Koenigsmark also attacks an evidentiary ruling made by the trial court. According to State Farm, one of its adjusters had recorded a statement made by Amos. This statement was transcribed. However, at the time of trial, the adjuster was out of the state, and the witness used by State Farm to sponsor the transcription was the claims supervisor in charge of the adjuster's department. The transcription conflicted with Amos' deposition testimony that he had been given permission to drive the car on the day of the accident.

Apparently, State Farm proffered the transcription either as a business record or as an admission.[1] Koenigsmark objected to its introduction on several grounds: it was hearsay, the statement "was not tak-

---

1. "Mr. Jones: We'll establish a foundation that it was taken in the ordinary course of business, which I would submit, makes it a business record. It is identified. Mr. Amos was a party

en" by the sponsoring witness and an "insufficient foundation [was] laid." The trial court admitted the transcription over these objections.

On appeal, Koenigsmark argues the transcription was not properly qualified as a business record and it was not the best evidence of Amos' purported statement. We need not determine whether the transcription was properly qualified as a business record. The trial court could have properly admitted and apparently did admit the transcription as an admission by Amos. Understandably, Koenigsmark does not dispute the transcription constitutes an admission by Amos. His argument that the transcription is not the "best evidence", however, does not help him. His stated objections at trial, previously noted, neither explicitly nor implicitly raised the "best evidence" objection, and he is, therefore, precluded from raising this objection on appeal. *See Thomas v. Wade*, 361 S.W.2d 671, 675 (Mo.banc 1962).

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

---

to the suit. And I think the contents of the statement could therefore be admitted for consideration by the Court as to statements that a party to the very act has made.

The Court: All right. I'll admit both of them. Exhibits one and three will be admitted into evidence."