THE DEISEL-WEMMER-GILBERT CORPORATION, RESPONDENT, v. DAVID CHALMERS TOBACCO CO., APPELLANT.—104 S. W. (2d) 1029.

Kansas City Court of Appeals. March 1, 1937.

*Maurice J. O'Sullivan* and *John M. P. Miller* for respondent.

*William W. Bostian* and *R. R. Brewster* for appellant.

REYNOLDS, J.—This suit was instituted in the Circuit Court of Jackson County on a petition for an unpaid balance of account for cigars sold and delivered by the plaintiff to the defendant. The amount sued for was $5223.46 and interest. The defendant admitted that said amount was due to the plaintiff as the balance for cigars delivered by the plaintiff to the defendant. It, however, filed an amended counterclaim and answer, upon which the cause was tried, in which it alleged that, on or about December 17 or 18, 1931, the plaintiff entered into an oral contract with the defendant by the terms of which it was agreed that the defendant, for a period of one year from said date, should act as exclusive distributor for the plaintiff in the sale of San Felice and El Verso cigars in all of the State of Kansas and the western part of the State of Missouri, upon certain conditions set forth therein.

Such amended answer and counterclaim is as follows:

"Comes now defendant and for its answer and counterclaim to plaintiff's petition herein filed states as follows, to-wit:

"1. Defendant admits that it is a corporation organized and existing under the laws of Missouri, with its principal place of business in Kansas City, Missouri, and denies each and every other allegation in plaintiff's petition contained.

"2. Defendant, for its further answer and counterclaim against the plaintiff alleges that on or about the 17th or 18th day of December, 1931, plaintiff made and entered into an oral contract with the defendant by the terms of which it was agreed between the parties that the defendant should act as exclusive distributor for the plaintiff in the sale of San Felice and El Verso cigars in all of the State of Kansas and the Western part of the State of Missouri.

"By said contract it was provided that the defendant should use its best efforts to promote the sale and use of said cigars in the territory mentioned and should engage travelling cigar salesmen to cover said territory for said purpose and should carry the name of said cigars upon its delivery trucks and upon windows in front of its place of business in Kansas City, Missouri.

"It is further provided in said contract that the special discount of four per cent (4%) which plaintiff had heretofore been giving the defendant (defendant had been exclusive distributor for plaintiff for several years) should be discontinued on condition that plaintiff should engage in a radio and other advertising program for the

634

further sale of said cigars, all of the expense of which should be borne by plaintiff, and on condition that the defendant should continue to act as the exclusive distributor for the plaintiff in the sale of said cigars in said territory for a year from said date in December, in order to allow the defendant to obtain the benefits and profits from the increase in the sale of said cigars due to said radio and advertising program, which profits and increased sales it was believed by both of the parties to said contract and by both plaintiff and defendant herein would more than make up to the defendant the loss of the said four percent (4%) special discount which was to be and was discontinued December 31st, 1931.

"Defendant further alleges that said contract remained in full force and effect between the parties hereto and that both operated thereunder from said 17th or 18th day of December, 1931, until the ——— day of March, 1932, when the plaintiff wrongfully breached said contract and refused to send defendant further cigars in accordance therewith; during all said time said contract was in force the defendant performed all of its obligations under the terms and conditions thereof and used its best efforts to promote and develop and increase the sale of said cigars to continue to build up the reputation of said cigars in said trade territory and in such efforts expended large sums of money and much time.

"Defendant further says that it had been the exclusive distributor in said territory for said cigars for plaintiff since October, 1925, and that it had built up and promoted the sale of said cigars in said territory and that the exclusive right granted to defendant on the 17th or 18th day of December, 1931, to continue as the exclusive distributor of said cigars in said territory for a year from said date, was of great value to the defendant and that the breach of said contract by the plaintiff in March, 1932, as hereinafter set out greatly damaged this defendant in the loss of profits and the loss of business.

"Defendant further says that on the ——— day of March, 1932, plaintiff, without just cause, reason or excuse, and without any previous notice of any sort to defendant, notified defendant that it could no longer act as the agent of plaintiff in the sale, distribution and promotion of said cigars in said territory; and further notified defendant that plaintiff would no longer comply with the terms and conditions of its contract with defendant; and plaintiff immediately and in disregard of its contractual obligation with defendant refused to further furnish defendant with any cigars for distribution in said territory.

"Defendant further states that by the breach of said contract by plaintiff in suddenly taking away from the defendant the agency of said cigars and in refusing to sell and furnish defendant with further

cigars for distribution in said territory, defendant was greatly damaged in said trade territory and in its business and loss of profits.

"Defendant further says that under the terms and conditions of said contract it was entitled to act as the exclusive agent of plaintiff in said territory for one year from said date and that it is entitled to receive under said contract the profits which would have accrued to it up to and including December 17 or 18th, 1932; that defendant is, therefore, entitled in this action to receive from the plaintiff all profits that would have accrued to it under said contract from March ——, 1932, to and including December 17th or 18th, 1932; that said profits amount to Twelve Thousand ($12,-000.00) Dollars, or more, and that defendant has been damaged in said amount by the loss thereof.

"Wherefore, defendant prays judgment on its counterclaim against plaintiff in the sum of Twelve Thousand ($12,000.00) Dollars as damages for the profits that would have accrued to it under said contract from March ——, 1932, up to and including December 17th or 18th and for its costs of suit in this behalf expended."

To the amended answer and counterclaim of defendant, upon which the cause was tried, the plaintiff filed a general denial.

Upon the trial of the cause before The Honorable JAMES R. PAGE, at that time judge of the Circuit Court, a verdict for the plaintiff upon the plaintiff's petition in the sum of $5745.81 and for the defendant upon its counterclaim in the sum of $7000 was rendered, upon which verdict a final judgment was rendered in favor of the defendant in the sum of $1254.19.

At the conclusion of the plaintiff's evidence on said trial, the defendant requested instructions P-1 and P-2 in the nature of demurrers, which are as follows:

"Instruction P-1. At the close of the defendant's evidence offered on defendant's counterclaim, the court instructs the jury that under the law and the evidence, your verdict must be in favor of the plaintiff and against the defendant on defendant's counterclaim.

"Instruction P-2. At the close of all the evidence, the court instructs the jury that under the law and the evidence, your verdict must be in favor of the plaintiff and against the defendant on defendant's counterclaim."

Such instructions were refused by the trial court; and the case was submitted to the jury upon other instructions, among which was instruction No. 2 for the defendant, which is as follows:

"The court instructs the jury that, if you believe and find from the evidence that on or about the 17th day of December, 1931, plaintiff and defendant entered into an oral contract by the terms of which it was agreed between the parties that the defendant was to act as plaintiff's sole and exclusive distributor of San Felice and El

Verso cigars in the State of Kansas, and the western half of the State of Missouri; and

"If you further believe and find from the evidence that by the terms of said contract, if any, the plaintiff agreed to sell and furnish to the defendant at certain fixed discounts, said cigars in quantities sufficient to fill defendant's orders and sales of said cigars in said territory for a period of one year from the date of said contract, if you believe and find from the evidence said contract was entered into; and

"If you further believe and find from the evidence that by the terms of said contract, if any, the defendant agreed to act as the sole and exclusive distributor for plaintiff for said cigars in said territory and to use his best efforts to promote the sale of said cigars during the life of said contract, if any; and

"If you further believe and find from the evidence the defendant kept and performed the agreements and covenants of said contract, if you believe and find from the evidence said contract was entered into, and if you further believe that the plaintiff without just cause or excuse breached said contract, if any, by refusing to permit the defendant to act as its distributor in said territory and to furnish him with certain cigars for sale in said territory, and that the defendant was damaged thereby, then your verdict may be for the defendant and against the plaintiff upon defendant's counterclaim; and you are further instructed that, if your verdict is for the defendant and against the plaintiff upon defendant's counterclaim, then you may allow the defendant such an amount as damages as you believe and find from the evidence will equal the net profits, if any, which you believe and find from the evidence the defendant would with reasonable certainty have made by handling said two brands of cigars mentioned in evidence during the remainder of the life of said contract, if any."

After a verdict in favor of the defendant upon its counterclaim, the plaintiff filed a motion for a new trial, in which it assigned the giving of instruction No. 2 as error, in the following words:

"Because the finding and verdict of the jury on defendant's counterclaim is based on and the jury was instructed on an entirely separate and distinct contract from that which is pleaded in defendant's counterclaim, and neither the verdict of the jury nor the instructions given in behalf of the defendant were within the issues made by the pleadings or responsive thereto."

This instruction, it will be noticed, was one purporting to dispose of the entire case and to direct a verdict.

There were numerous other reasons assigned for a new trial, which are unnecessary here to note.

The Honorable JAMES R. PAGE having died after the time of the rendition of the judgment on the verdict and before the motion for a new trial came on to be heard, The Honorable ALBERT A. RIDGE, his successor, ruled on the motion for a new trial. He held that instruction No. 2, complained of, was erroneous and that a new trial should be granted on account thereof. He sustained the motion for a new trial and ordered a new trial of the cause by reason of such instruction, from which order so directing a new trial the defendant prosecutes this appeal.

It is contended by the defendant that the ruling of Judge RIDGE sustaining the motion for new trial was erroneous and that such new trial should not have been granted. It is contended, on the other hand, by the plaintiff, that such action by Judge RIDGE was fully justified upon the record and that his ruling of the motion for a new trial was just and proper and that his order for a new trial was in all respects justified.

It is contended by the plaintiff that said instruction did not submit to the injury the contract alleged in the answer and counterclaim of the defendant, upon which it based its defense and upon which it was bound to base any recovery had, but that it submitted an entirely different contract by reason of the omission therefrom of essential features of the contract alleged and set up by the defendant in its answer and counterclaim and incorporated wholly foreign features.

We are of the opinion that the plaintiff's complaints with reference to such instruction (which has heretofore been fully set out) are well founded. It is well-settled law in Missouri that, where a plaintiff sues on an express contract, he must recover on that contract or not at all. He cannot recover on some other. Likewise, it is true that, where a defendant bases his defense on an express contract, he must stand or fall with such contract, the proof thereof and the existence thereof as found by the jury. The authorities are numerous. [Clements v. Yeates, 69 Mo. 623; Faulkner v. Faulkner, 73 Mo. 327; Lindsay v. Davis, 30 Mo. 406; Ingwerson v. Chicago & A. R. Co., 205 Mo. 328, 103 S. W. 1143; Fay v. Missouri Power & Light Co. (Mo. App.), 33 S. W. (2d) 1056, l. c. 1057; Cockrell v. Williams, 195 Mo. App. 400, 193 S. W. 869.]

It is necessary that the contract as pleaded be proven and that the jury establish the contract as pleaded. In the case of a written contract, proof thereof is made by the introduction of the contract. It proves itself and all of the terms thereof not in some manner impeached. [Childs v. St. Louis Basket & Box Co. (Mo. App.), 271 S. W. 859; Taylor v. Sebastian, 158 Mo. App. 147, 138 S. W. 549; Walker v. Bohannan, 243 Mo. 119, 147 S. W. 1024; Home Trust Co. v. Shapiro, 228 Mo. App. 266, 64 S. W. (2d) 717.] Before the

jury can establish a contract, the evidence in support thereof must be properly submitted to it.

When one contract is pleaded and another proven, it amounts to a total failure of proof as to the contract relied upon and defeats a recovery. [Ringer v. Holtzclaw, 112 Mo. 519, 20 S. W. 800; Perry v. Barret, 18 Mo. 140; Cook v. Harrington (Mo. App.), 54 S. W. (2d) 436.]

The instruction in question purported to cover the entire case and to direct a verdict. It was necessary, since the defendant had pleaded an express oral contract, that it should have proven the same as pleaded and that such instruction should have submitted said contract as pleaded. Before the defendant could prevail in its defense, it was incumbent upon it to have shown a full compliance with all of the terms of the contract which it engaged to perform and to have proven that the other party had breached such contract.

The contract submitted by the instruction did not submit the contract as pleaded but only in part and, in parts, submitted elements of a contract that was not pleaded or relied upon. There was no agreement in the contract as pleaded to the effect that the plaintiff should sell and furnish to the defendant at certain fixed discounts cigars in quantities sufficient to fill the defendant's orders for sales of cigars for a period of one year from the said date of said contract. Yet, the instruction submits such an agreement as part of the basis of the defendant's right of recovery, upon the finding of which, along with other facts required to be found, the jury was authorized to find for it. This was a departure from the rule that recovery must be upon the contract pleaded or not at all.

Further, by the terms of the contract pleaded, the defendant engaged that it would use its best efforts to promote the sale and use of the plaintiff's cigars in the territory covered and would engage traveling cigar salesmen to cover said territory for said purpose and would carry the name of the plaintiff's cigars to be handled by it on its delivery trucks and on windows in front of its place of business in Kansas City, Missouri; and the plaintiff agreed to engage in a radio advertising program for the sale of said cigars at its own expense. All such features of the contract pleaded were omitted from the details of the contract submitted by the instruction, by reason of all which the contract pleaded (upon which the defendant was bound to go to the jury and upon which the jury was bound to find) was never submitted to the jury. Before the defendant could recover, it was bound to show and have the jury find that it had complied with all such terms of the contract.

The defendant contends that such portions of the pleaded contract as were omitted were not in contest on the trial and that, therefore, it was not necessary to submit the same in an instruction to the

jury. It must be noted, however, that the plaintiff, in pleading to the amended answer and counterclaim of the defendant, replied thereto by way of a general denial, the effect of which was to require proof of all of such matters by the defendant in order to make out its case and the submission of such proof to the jury for the jury to pass on and was to require that all such matters be submitted in an instruction disposing of the whole case. The plaintiff was not required to contest or to offer evidence contradicting that of defendant. It could merely stand by and insist upon the defendant's making out its case by proper evidence. The ordinary rule to the effect that it is not necessary to submit in an instruction uncontested issues or matters about which there is no dispute or matters which are admitted or conceded cannot apply under such circumstances or in any case where the cause of action is founded on an express contract, where the duty of the plaintiff is to make out his case by proving such contract in its entirety as alleged, except where the entire contract is submitted. In such case, the entire contract must be proven and submitted for the verdict of the jury.

It is further contended that the plaintiff, upon the trial, proceeded on the theory that there was no contest as to such matters; that it tacitly admitted the existence of such matters by not offering evidence to the contrary; that it made a contest only as to the question of whether the contract was entered into between the plaintiff and the defendant for the term of one year; and that it cannot now insist here that such matters were not admitted and conceded. It is true that the main contest below was as to whether the contract pleaded was entered into between the plaintiff and the defendant, the plaintiff denying that it was and the defendant maintaining to the contrary. The question as to whether the contract was entered into between the plaintiff and the defendant necessarily involved the question of whether a contract was entered into embodying all of the terms set forth in the contract relied upon. Moreover, as above stated, under the plaintiff's general denial, it was not required to offer evidence contradictory to that of defendant; but it was entitled to stand by, if it so desired, and call upon the defendant to establish its case.

It is no answer for the defendant to say that, if such instruction was not satisfactory, the plaintiff could have asked for one that was satisfactory to it. That does not meet the question. The defendant in this character of a case, having set up an express contract, was bound to prove it and, if bound to prove it, was bound to submit its proof to the jury. It is no answer to say that the instruction in question did submit to the jury some features of the contract relied on and advised the jury that, if it found in a general way that the defendant had complied with all of the terms and provisions thereof,

such was sufficient. What terms and provisions? The terms and provisions of the contract in question were never submitted to the jury. The jury was left with a roving commission to determine for itself what the terms of the contract were. There was evidence in the case that a contract for one year was entered into and evidence that it was not and evidence of another contract entirely. The jury was called on to say whether a contract with the terms and provisions pleaded was entered into by the plaintiff and the defendant.

It therefore must be held, in our opinion, that the plaintiff's criticism of such instruction was well made and that such instruction was erroneous on the whole case and did not include therein the matters for the finding of the jury that were required to be submitted to the jury.

The action of the lower court setting aside the verdict of the jury on account of such instruction is approved, and its order directing a new trial is affirmed.

This disposes of the appeal. It is unnecessary to consider any other matters advanced by either side. All concur.