68

E. C. HEARD, Administrator of the Estate of Mary L. Heard, deceased, Appellant,

v.

Chauncy STAHL and Daphne Stahl, Respondents.

No. 7085.

Springfield Court of Appeals.

Missouri.

Sept. 7, 1954.

Riddle & Baker, Malden, for appellant.

William B. Sharp, Malden, Briney & Welborn, Bloomfield, for respondents.

McDOWELL, Presiding Judge.

This appeal is from a judgment for defendants in a damage action for breach of lease contracts. Suit was filed in the Circuit Court of Stoddard County, Missouri, July 21, 1951, by E. C. Heard, administrator of the estate of Mary L. Heard, deceased.

The petition alleges that plaintiff is the duly appointed and acting administrator of the estate of Mary L. Heard, deceased; that on or about December 31, 1942, the defendants and Mary L. Heard executed an agreement whereby Mary L. Heard leased to defendants 80 acres of land at LaValle, Stoddard County, together with a house and two lots used therewith for the period of one year ending December 31, 1943, for a cash rental of $450.

The lease contained the following provisions:

"Chauncy Stahl and Mrs. Chauncy Stahl, his wife agree to keep all fence rows cleaned out free of cost to Mary L. Heard,

also agree to clean out the barnes and spread all manure on Mary L. Heard's land free of charge.

"Chauncy Stahl and Mrs. Chauncy Stahl, his wife, agree to set all posts needing replacing, and keep all fences and buildings in good state of repair; also put in all window lights they break out of the house free of charge to said Mary L. Heard. * * *

"Chauncy Stahl and Mrs. Chauncy Stahl, his wife, agree to render full possession to Mary L. Heard December 31, 1943, without further notice."

Section 4 of the petition reads:

"That annually thereafter, they executed similar agreements until and including the final one of such agreements which was executed by them on December 29th 1949, except that the dates were moved up one year so that the only difference in the various contracts from year to year was that the execution dates, the termination dates, and the pay dates were each one year later than the preceding year."

Section 6 of the petition reads:

"That defendants did not keep the buildings and fences in good state of repair, the fence rows clean, and the manure hauled out and spread on the premises as provided in such contract but allowed the premises continuously to become dilapidated and out of repair whereby the deceased was damaged in approximately the sum of $3200.00."

Defendants' first amended answer admits plaintiff is the duly qualified and acting administrator of the estate of Mary L. Heard, deceased, and denies each and every other allegation of plaintiff's petition.

The five year statute of limitations is affirmatively pleaded as a bar to recovery for any damages claimed prior to July 21, 1946. The answer further pleads that if any damages were sustained because of the breach of contract on any leases made defendants were released from such damages.

In our opinion we will refer to appellant as plaintiff and to respondents as defendants.

Defendants contend that the trial court erred in failing to sustain their motion for directed verdict at the close of all the testimony for the reason that plaintiff failed to make a case.

To determine this issue the court must know what the issues are that were involved in the trial.

The basic principle of the new Code is to determine what are the controversial issues before the trial began from the pleadings and limit the trial to them. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, 28; Chapter 506, Vol. III, R.S.Mo. 1949, Annotations, page 1815.

■ Plaintiff's cause of action is based upon written leases. The petition alleges that the parties entered into a lease agreement December 31, 1942, and sets out the written agreement.

By the terms of this agreement Mary L. Heard leased to defendants the farm land and buildings thereon described for one year, terminating December 31, 1943, for a rental value of $450.

The petition then pleads that annually they executed similar agreements until and including the final one on December 29, 1949, except that the dates were moved up one year so that the only difference in the various contracts from year to year was that the execution of the dates, the termination of the dates and the pay dates were each one year later than the preceding year.

Under the terms of the amended answer there was a general denial. This presented the issue to the trial court as to whether or not defendants and Mary L. Heard entered into the several annual written leases pleaded in plaintiff's petition.

The only evidence offered by plaintiff to sustain this issue was the testimony of the plaintiff. He testified that he was the son of Mary L. Heard, deceased; that she died April 6, 1950, at the age of 82 years; that she lived in Chaffee, Scott County, Missouri, since 1923; that her husband died April 11, 1941, and, thereafter, she lived alone; that she owned the land and buildings described

in the petition. He testified as to the size of the farm, its length and breadth; that he was a resident of St. Louis, working for the government in the Internal Revenue Department; that he had lived in St. Louis for the last ten years. He testified that he and deceased drove by the farm in 1948; that nothing was said as to the condition of the premises between him and deceased; that he made no comment because he was not in control of the premises. He stated that the deceased had not been on the land for the last eight or ten years of her life to his knowledge; that the first time he visited the farm was December 14, 1950, and that defendants were at that time farming it; that he leased the land to Orville D. Brady, January 1, 1951; that defendants surrendered possession December 31, 1950. He testified in detail as to the condition of the buildings, the fence rows and the damages caused by defendants' failure to comply with the lease agreements. Nowhere did he say a word as to the time and place of the execution of the written leases relied upon. The only lease in evidence was the first lease executed in 1942, which was in writing, and made a part of the petition. If there were any other written leases they were not offered in evidence and their absence was not explained. Plaintiff seems to contend in his argument that the first written lease was renewed each year but there was no testimony to support such contention.

In State ex rel. Place v. Bland, 353 Mo. 639, 183 S.W.2d 878, 887, the Supreme Court states the following law:

" * * * And while we concede the general rule that contracts must be proven as pleaded, yet we think both parties in this case joined in asking the trial court to adjudicate the cause on the *evidence*, regardless of the technical effect of the pleadings. * * *"

■ Plaintiff cannot declare on an express contract and recover on an implied agreement. Deisel-Wemmer-Gilbert Corporation v. David Chalmers Tobacco Co., 231 Mo.App. 631, 104 S.W.2d 1029, 1033; Childs v. St. Louis Basket & Box Co., Mo.

App., 271 S.W. 859; Walker v. Bohannan, 243 Mo. 119, 147 S.W. 1024; Home Trust Co. v. Shapiro, 228 Mo.App. 266, 64 S.W.2d 717.

■ When one contract is pleaded and another proved it amounts to a total failure of proof as to the contract relied upon and defeats recovery. Ringer v. Holtzclaw, 112 Mo. 519, 20 S.W. 800; Cook v. Harrington, Mo.App., 54 S.W.2d 436; Hoffman v. Mastin, Mo.App., 119 S.W.2d 1027.

Under Section 509.500 RSMo 1949 of the Civil Code, V.A.M.S., the law is stated:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *"

■ The record does not disclose that plaintiff ever changed his theory that his cause of action was based upon written contracts unless we might say that he attempted to argue a renewal of a written contract each year. Granting that the trial court took that theory of the case there is no substantial evidence to show any such renewal. If it could be said, from the record, that the parties tried the cause upon the theory that new oral contracts of lease were made each year there is no substantial testimony to show that the terms of such contracts were the same as the first written contract. There was no testimony to show what the terms of such oral contracts were, if any.

■ It is the established law in this state that where one relies upon a written contract proof thereof must be by the contract itself. There was no such proof in this case. The evidence does not show that the pleaded written contract was renewed and if other written contracts were entered into they were not offered in evidence and the rec-

ord discloses no reason for not offering them. Deisel-Wemmer-Gilbert Corporation v. David Chalmers Tobacco Co., supra; Childs v. St. Louis Basket & Box Co., supra; Walker v. Bohannan, supra; Home Trust Co. v. Shapiro, supra.

It seems that plaintiff's attorney, in the trial of the case, was uncertain as to the law. In the record, at page 49, the following took place:

"Court: There is no theory of law known to the court that you would be entitled to show the state of repairs other than that as it existed in 1942 when this man took over. If there is any law to that effect I have never heard about it * * * have you?

"Mr. Frye: I confess I am not sure about the law."

The only testimony offered which tends to prove leases entered into after 1943 were letters offered by defendants, in evidence as exhibits 3, 4, 5, and 6. These letters were written by the deceased, Mary L. Heard, to defendants and plaintiff identified the deceased's signature.

Exhibit No. 3 was a letter dated 7–31–44, signed by deceased. It had this statement in it: "You can have the farm next year or as long as you want it. When I sell·it you will get it. You are taking such good care of the farm, so kind in sending me money that I certainly appreciate it very much. * * *"

Defendants' exhibit No. 4 is a letter from deceased to defendants, dated 7–22–45. This letter contained the following: "A man from La Valle came up and offered me a great big price for the farm, but you have always taken such good care of the farm, and improved it. No one else can rent it."

Defendants' exhibit No. 5 is a letter from deceased to defendants, dated 11–10–47. It contains this statement: "I hope you are well and getting along fine. Keep on farming. * * * You can have the farm next year. You are honest and all O.K. I am well pleased with the way you handle it."

Defendants' exhibit No. 6 is a letter from deceased to defendants, dated 12–15–47. It contained this statement as to the farm: "I enjoyed your visit very much, and glad you are taking such good care of the farm. You can have it next year."

This is all of the evidence relative to any leases as to the farm in question or the terms of the lease.

We find there is no substantial evidence in the record to support plaintiff's case and that the trial court should have sustained defendants' motion for a directed verdict at the close of all of the evidence.

Having found that plaintiff failed to make a case under the evidence it is unnecessary to pass upon the allegations of error complained of in plaintiff's brief.

Judgment affirmed.

BLAIR and STONE, JJ., concur.