**David GOTTLIEB, Plaintiff-Respondent,**

**v.**

**Carl R. HYKEN, Defendant-Appellant.**

**No. 54315.**

Supreme Court of Missouri, Division No. 1.

Jan. 12, 1970.

David Skeer, Sheffrey, Ryder & Skeer, Kansas City, of counsel, for respondent.

Arthur J. Kase, Rubins, Kase & Rubins, Kansas City, for appellant.

G. DERK GREEN, Special Judge.

Plaintiff sued defendant for an alleged breach of oral contract. A jury trial resulted in a verdict in favor of plaintiff for $20,285 and from the final judgment thereon in that amount, defendant appeals.

In July, 1966 and for some years prior thereto, each of the parties had been engaged in the real estate business in Jackson County, Missouri. They had known each other socially for several years and had engaged in business transactions in which both were interested. Prior to July 12, 1966, plaintiff was the owner of a one-half interest in an apartment building in Kansas City known as the Melbourne Apartments, and there had been negotiations between the parties looking toward a sale of plaintiff's interests in that apartment building to the defendant. An agreement was apparently reached, and plaintiff had his attorney prepare a written form of contract undertaking to express that agreement. By this agreement, the plaintiff was to transfer to defendant his interest in the Melbourne Apartments and defendant was to make transfers of certain personal properties to the plaintiff. Defendant was to transfer to plaintiff stock in the Dacar Company, Inc., a promissory note executed by William H. and Katherine Brown, a promissory note executed by Elinor R. Henry (both with recourse) and a promissory note executed by Myron and Ruby Kimber, without recourse, referred to by the parties as the Kimber note in the original amount of $23,003.88. The contract as prepared by plaintiff's attorney was in form to be signed by plaintiff, by defendant and by the defendant's wife. The parties met in plaintiff's office on July 12, 1966 and each signed this agreement. It is at this point that a factual dispute

arises. Plaintiff contends and testified at the trial that there was no complete execution of the written contract because defendant's wife did not sign and defendant would not have his wife sign the contract. Plaintiff contends that the written contract was then abandoned, and it was proposed that they would go ahead with the deal on the same terms without the wife's signature if the defendant would pay to the plaintiff the sum of $21,825.57, the amount of money represented by the Kimber note, instead of assigning that note. He testified that defendant agreed to this and that the signature of defendant's wife would not then be needed. It is upon this alleged oral agreement that plaintiff sued.

Defendant's answer admitted the allegations of the petition with reference to the ownership of the Melbourne Apartments and then denied "each and every allegation in plaintiff's Amended Petition not otherwise admitted herein." For a further defense, the defendant alleged a complete execution of the written agreement on July 12, 1966 referred to in plaintiff's Amended Petition, and stated that all of the conditions of said written agreement had been fully performed.

In any event, plaintiff thereupon on July 12, 1966 transferred to defendant his interest in the Melbourne Apartments by delivery of deed, and defendant transferred and delivered to the plaintiff the items of personal property mentioned to be transferred in payment other than the Kimber note, the delivery of which is disputed. Plaintiff testified that pursuant to the oral agreement, defendant did not transfer to him the Kimber note but retained it and took it with him. Defendant contends and testified at the trial that there was no oral agreement, that the written agreement was the only agreement made, and that in compliance with it he endorsed and transferred the Kimber note to plaintiff at that time. Other evidence was given as to how the Kimber note was handled thereafter, but this is only in corroboration of, or explanation of, the testimony of the

parties as to the original transaction. It would serve no useful purpose to relate those details here.

Defendant asserts error in the giving of Instruction No. 3, which is the verdict-directing Instruction for plaintiff and in the giving of Instruction No. 5, which is the measure of damages. He also asserts as ground for a new trial that the verdict and judgment was not supported by the pleadings or the evidence but was in excess of that pleaded or proved. Instruction No. 3 is as follows: "Your verdict must be for the plaintiff if you believe: First, the plaintiff sold an undivided one-half of the property known as the Melbourne Apartments to the defendant; and Second, at the time of such sale, the defendant agreed to pay plaintiff cash instead of the Kimber note as part of the price for said property; and Third, defendant has failed to pay a part of the cash price he agreed to pay for said property; and Fourth, plaintiff was thereby damaged." Defendant contends that this Instruction did not hypothesize the essential facts of the oral agreement as pleaded or proved and submitted issues in part contrary to the evidence and the pleadings.

Concerning the part of the transaction regarding the Kimber note, the plaintiff's petition alleged "that in addition thereto defendant would pay to plaintiff the sum of $21,825.57 plus interest thereon in the total sum of $6,555.22 in equal monthly installments for 110 months." The defendant contends that the language of the Instruction that "the defendant agreed to pay plaintiff cash instead of the Kimber note" is at variance with the language of the petition and that the Instruction at no point requires the finding that an oral agreement was entered into and that a finding is not required upon the other terms alleged to have been in the oral agreement. Defendant's position is that having denied the oral agreement alleged by plaintiff, it was incumbent upon plaintiff to prove each and every allegation with reference there-

to and all of the terms thereof as set out in the petition, and that the jury should have been required in this verdict-directing instruction to make a finding upon each and every part of the oral contract as alleged by plaintiff. On this point, defendant cites Deisel-Wemmer-Gilbert Corp. v. David Chalmers T. Co., 231 Mo.App. 631, 104 S.W. 2d 1029, and other cases of similar import. In this case, it was stated that "[i]t was necessary, since the defendant had pleaded an express oral contract, that it should have proven the same as pleaded and that such instruction should have submitted such contract as pleaded." The court there referred to "the ordinary rule to the effect that it is not necessary to submit in an instruction uncontested issues or matters about which there is no dispute or matters which are admitted or conceded" but held that the rule could not apply in that case because the defendant had denied the oral contract and had not made any admissions or given any evidence to establish the facts relied upon by plaintiff. Plaintiff there relied upon the theory that defendant passively admitted the facts alleged by not offering evidence to the contrary. The court held that the opposing party was not required to contest or to offer evidence contradicting that offered by the other party but that it was the obligation of the defendant there (plaintiff here) to prove the allegations necessary to recovery and submit them for a finding by the jury. The facts there differ from those in the case at bar. Here the defendant denied the execution of the oral contract as alleged by plaintiff, but asserted affirmatively a contract in exactly the same terms with the exception of the one portion dealing with the Kimber note. His testimony stated a contract in exactly these same terms with that one exception. Giving full consideration to the petition, the answer and the testimony of each of the parties, there can be no question but that an agreement had been entered into between the parties and all parts of the agreement had been performed with the exception of that portion concerning the Kimber note or the payment of a sum equal to the balance due on that note. Whether or not there was an oral agreement providing for the payment of a sum of money in the place of the Kimber note was the only disputed question in this case. Supreme Court Rule 70.-01(e), V.A.M.R., directs that an Instruction not in MAI shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts, and the Court has repeatedly said that those facts not in dispute may not be hypothesized. MAI (1964) p. xxxi. It is not necessary to submit for finding by the jury questions of fact established by testimony of both proponent and his adversary. Gathright v. Pendegraft, Mo.Sup., 433 S.W.2d 299; Charles F. Curry and Company v. Hedrick, Mo.Sup., 378 S.W.2d 522; Deisel-Wemmer-Gilbert Corp. v. David Chalmers T. Co., supra.

■ Defendant also alleged error in that the Instruction submitted "Defendant agreed to pay plaintiff cash instead of the Kimber note" whereas the petition alleged that defendant agreed to pay a certain specified amount of money with interest in installments. Defendant cites cases to the effect that cash usually means payment upon delivery or money in hand or subject to right of immediate possession, and argues that this is in conflict with the plaintiff's theory as stated in the petition—that installment payments were to be made. The word "cash" is often used as indicating payment in money at the time of purchase, but it is also defined in Webster's New Collegiate Dictionary at page 128 as "money, especially ready money" and as used in this Instruction, it was an effective and simple way of submitting to the jury a question of whether defendant was to convey to plaintiff the Kimber note as had been set out in the written form of contract, or whether he agreed to pay money of equivalent amount in lieu thereof. We find no error in use of the word "cash" or giving of Instruction No. 3. It submitted to the

jury fairly the only question of fact presented by the pleadings and testimony of the parties.

Defendant attacks Instruction No. 5 for the reason that said Instruction gave to the jury a roving commission and left the subject of damages to the rank conjecture and unbridled speculation of the jury. This Instruction was as follows: "If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe he sustained as a direct result of the occurrence mentioned in the evidence." (MAI 4.01) Defendant contends that this Instruction does not limit or guide the jury in determining what they might consider and include in their verdict, but gives them a roving commission and leaves to their conjecture and speculation the amount of damages to be awarded. Generally this Instruction is provided for use in tort actions and any other Instructions on measure of damages in such actions would be error. In this action on contract, it may not have been error to use another form of measure of damages instruction as suggested by defendant, but it has been held that MAI 4.01 may properly be given in a case of breach of contract. Stamm v. Reuter, Mo.App., 432 S.W.2d 784; McAtee v. Greenspon, Mo.App. 439 S.W.2d 187; Norman v. McLelland, Mo.App., 354 S.W. 2d 906. Also in the instant case, it must be considered that through the trial there was no genuine issue raised as to the amount due on the Kimber note if plaintiff was entitled to recover. Plaintiff's petition alleged the amount to be due as $20,285.00 and defendant's Exhibit L dated June 28, 1967, prepared and signed by defendant, indicated a balance of the same amount with reference to the Kimber note. No other figure was ever mentioned except when plaintiff was speaking in generalities during his testimony and indicating that he was not being specific as to the exact amount, but at the same time referring to the pleadings or "filings" which would reflect the exact amount due. There appears to be no genuine issue as to the amount remaining due on the Kimber note and if plaintiff was entitled to recover, this was the amount and any other amount would not have been in accord with the evidence, unless defendant's next point is well taken.

Defendant makes a further point in this connection that the amount of the verdict of the jury and the judgment of the court was not supported by the pleadings or the evidence, but was far in excess of that pleaded or proved. In this connection, defendant argues that plaintiff had declared upon a contract to pay in 110 equal monthly installments and plaintiff's recovery should have been limited to the money due for unpaid installments to the time of the filing of the suit. Although the plaintiff alleged the promise to pay in installments, the evidence upon this subject is not entirely clear.

Plaintiff's petition alleged that defendant had agreed "that in addition thereto defendant would pay to plaintiff the sum of $21,825.57 plus interest thereon in the total sum of $6,555.22 in equal monthly installments for 110 months" but plaintiff testified with some lack of certainty about this. He testified that it was agreed that it would be a cash deal but defendant was given the privilege of payment in installments until he could make some other arrangements by selling other properties, making collections or having an auction. Defendant denied, by pleading and testimony, any agreement to pay in any manner except transfer of the Kimber note.

Testimony of both parties was to the effect that defendant sent plaintiff eleven monthly payments of $259.75 each, but did not send one in July, 1967 and on August 14, 1967 notified plaintiff that the July payment would not be made and that no further payments would be made by defendant.

Defendant cites and relies upon Williston on Contracts, Rev.Ed., § 2024, to the effect that an obligation to pay money "remains after breach an obligation to pay that sum

of money, and if by its terms the money is payable in instalments, no breach, however serious, as to earlier instalments can resolve the creditor's right into a single claim for damages on the entire contract." This statement is made under the section of the Statutes of Limitations indicating that the statute runs as to each installment from the date it is due.

The same writer, Williston on Contracts, Rev.Ed., § 1317, says "But if the breach is serious or is accompanied by repudiation of the whole contract, it may and frequently will involve as a consequence that all the rest of the contract will not be carried out," and "The plaintiff is entitled to damages which will compensate him for all the consequences which naturally follow the breach, and, therefore, to damages for the loss of the entire contract. * * * Any breach so accompanied is, therefore, classed as a total breach in the Restatement of Contracts." In discussing the right to sue for total damages rather than for installments then due, the court says in Puckett v. National Annuity Ass'n, 134 Mo.App. 501, 114 S.W. 1039, "This kind of an action lies only on the theory that the contract declared on had been breached to an extent which amounts to an abandonment of it by the party sued."

In the present case the defendant denied in pleading and in testimony any obligation to pay plaintiff money on account of the Kimber note. He notified plaintiff that no more payments would be made. Throughout the trial the issue was simply as to whether the agreement of the parties called for transfer of the Kimber note to plaintiff or the payment to plaintiff by defendant of money in the same amount as represented by that note. Plaintiff had the right to treat the contract as denied and repudiated in its entirety and to sue for a total breach. The issue of contract or no contract, as far as the Kimber note or money was concerned, was the issue tried by the parties and submitted to the jury by the instructions. The jury found against defendant. We find no error in the trial court's submission of the issue.

The judgment of the trial court is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., absent.