Melissa HUTCHENS, M.D.,
Respondent,

v.

BURRELL, INC., Appellant.

No. WD 72838.

Missouri Court of Appeals,
Western District.

June 14, 2011.

H. A. Walther, Columbia, MO, for Appellant.

Mariam Decker and Bruce Farmer, Columbia, MO, for Respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, and KAREN KING MITCHELL, Judge, and DONALD T. NORRIS, Special Judge.

KAREN KING MITCHELL, Judge.

This is a contract case. The plaintiff pled that she and the defendant agreed that she would provide the defendant services at a specified hourly rate. She did not plead a contract containing an open price term, nor did she ever plead a right of recovery in quantum meruit. At trial, the plaintiff admitted that she and the defendant never agreed that she would be paid a specified hourly rate for her services. The issue is whether the plaintiff made a submissible case, given that (1) she did not prove the contract that she pled; and (2) she never amended her pleadings. We hold that she did not make a submissible case in that, in a contract case, the plaintiff must recover on the contract she pled. Therefore, we reverse and enter judgment for the defendant.

## Facts and Procedural Background[1]

During the relevant period, Respondent Melissa Hutchens was a psychiatrist participating in the University of Missouri School of Medicine ("University"), Department of Psychiatry's Residency Training Program. Appellant Burrell, Inc., is a mental health services provider that maintains a facility in Columbia, Missouri.

Hutchens entered into a contract with Burrell to work as a psychiatrist one evening per week and on some Saturdays. The parties referred to these services as "moonlighting" work. Burrell agreed to pay (and did pay) Hutchens $70 per hour for these services. Hutchens also provided "residency services" at Burrell, for which the University compensated her. Neither the moonlighting services nor the residency services are the subject of the parties' controversy.

Regulations permit "Advanced Practice Nurses" ("nurse practitioners") to provide mental health services without direct supervision, so long as a psychiatric doctor is close by and available to be reached via telephone. Hutchens and Burrell entered into a separate oral agreement by which Hutchens agreed to provide medical supervision for Burrell's nurse practitioners ("on-call supervision services"), and Burrell agreed "to compensate" Hutchens for those services. The on-call supervision

---

1. On appeal from a jury verdict, we review the evidence in the light most favorable to the verdict. *All Am. Painting, LLC v. Fin. Solutions & Assocs.*, 315 S.W.3d 719, 720 (Mo. banc 2010).

services are the subject of the parties' dispute.

Hutchens did not expect Burrell to compensate her for her on-call supervision services through the payment of money. Burrell partially compensated Hutchens for on-call supervision services by funding Hutchens's trip to a conference in Boston. The value of the trip was approximately $4,000. Hutchens also expected other compensation as could be agreed upon in the future.

Hutchens signed an employment agreement with Burrell in which she was to begin full-time employment with Burrell after her residency training had ended. Pursuant to that agreement, Burrell paid Hutchens a $15,000 signing bonus.

Before she began working full-time for Burrell, Hutchens "resigned." Burrell demanded that Hutchens repay the $15,000 signing bonus. Hutchens offered to settle the dispute for $13,500, but Burrell refused.

Burrell sued Hutchens for repayment of the $15,000.[2] Hutchens asserted a counterclaim, alleging as follows: "[Hutchens] did provide services to [Burrell] … from May 1, 2008 through June 15, 2009 and provided on-call coverage for Advanced Practice Nurses employed by [Burrell] for a total of 928 hours at an agreed contract rate of $70.00 per hour for a total of $64,960.00 due and owing to [Hutchens]."

At the beginning of the trial, counsel for Burrell made an oral motion in limine to prohibit Hutchens from adducing evidence as to the reasonable value of her on-call supervision services, arguing that Hutchens's claim sounded only in contract and not in quantum meruit.

Specifically, Burrell's counsel argued as follows:

Your Honor, it does appear that the plaintiff is … going to make an effort to submit on quantum meruit. The reasonable value of the services. That's not been pleaded. And so I would ask the Court to prohibit the plaintiff from offering any evidence of the reasonable value of the services, because she hasn't pled it, we're not prepared to defend on that, and it's extremely prejudicial to my client, who has come here expecting to try a breach of contract case, not a quantum meruit case.

Hutchens's counsel responded as follows:

[B]ecause the nature of the contract, which will be in evidence, does not state the value of the services, I'm allowed to put on evidence of what the value of those services are. I'm not bound by my $70 that I pled. I simply put [Burrell] on notice as to what the reasonable value—one reasonable value could be.

The trial court sustained Burrell's motion.

During trial, Burrell reiterated its objection to "any evidence that is brought into this trial that is outside the scope of the pleading." Burrell objected to the presentation of "any evidence as to compensation due under [the subject] agreement, other than what they pled, which was $70 an hour." The trial court sustained the objection.

Hutchens testified as follows:

Q: [Y]ou expected to be compensated for your time; correct?

A: Yes.

Q: And you had—had you reached an agreement on exactly what amount would be or how much per hour, or was that something you were negotiating?

2. Hutchens confessed judgment, and Burrell's claim is not at issue here.

A: That was something that we had open negotiation about. . . .

. . . .

Q: Did you expect a paycheck on a week-to-week or every-two-week basis when you first started on-call services?
A: No.

At the close of Hutchens's case-in-chief, Burrell moved for directed verdict. Burrell argued that Hutchens could not recover in that she had not proved the contract she had pled. The trial court denied the motion.

Burrell recalled Hutchens, who again testified as follows: "I did not expect to be paid money for collaboration with nurse practitioners. I expected to be compensated. . . . [Burrell] told me I would be compensated and that we would find other ways to do that compensation." She testified further:

Q: [I]f you didn't know how you were going to get paid or what you were going to get paid, there was no agreement with Burrell, was there?
A: There was an agreement, that I would be compensated.

. . . .

Q: There was no agreement with respect to how much you were going to get paid or when you were going to get paid. Isn't that true?
A: There were no details like that, that is true.

Hutchens testified that one of the ways Burrell compensated her for supervising nurse practitioners was by sending her to the conference in Boston. She also testified that Burrell compensated her when she signed the employment agreement, which included a higher signing bonus than beginning psychiatrists normally received.

Hutchens then sought leave of court to amend her pleading to allege a claim sounding in quantum meruit. The trial court denied that request.

Burrell moved for directed verdict at the close of all of the evidence, again arguing that Hutchens had not proved the contract that she had pled. The trial court denied the motion.

Hutchens submitted a jury instruction based on Missouri Approved Instruction ("MAI") 26.02. Burrell objected, arguing that that instruction only applies when the terms of the agreement are not in dispute. The trial court agreed and refused the instruction. Burrell then offered an instruction based on MAI 26.06. The instruction included the "$70 per hour" term. Hutchens objected, arguing that "that's not the evidence." The court then substituted the "$70 per hour" language with "additional compensation per hour." Burrell objected to that change. Over Burrell's objection, the trial court submitted the following verdict directing instruction to the jury:

Your verdict must be for plaintiff if you believe:

First, plaintiff Melissa Hutchens and defendant Burrell entered into an agreement whereby plaintiff agreed to supervise advanced practice nurses and defendant agreed to pay plaintiff additional compensation per hour for that service, and

Second, plaintiff performed her agreement, and

Third, defendant failed to perform its agreement, and

Fourth, plaintiff was thereby damaged.

Hutchens's counsel argued to the jury that $70 per hour was the reasonable value of her services and that they should award that amount for 928 hours, less $4,000 for the trip to Boston.

During jury deliberations, the jury sent a note back to the trial court, which read: "Could the Court provide additional explanation of a portion of Instruction Number 6, specifically the language, 'defendant agreed to pay plaintiff additional compensation per hour.'" The trial court responded: "I cannot advise you further. Please be guided by your instructions."

The jury returned a verdict for Hutchens in the amount of $48,720, and the trial court entered judgment accordingly. Burrell filed a motion for judgment notwithstanding the verdict, arguing that Hutchens had not made a submissible case on the contract that she pled. The court denied the motion. Burrell appeals.

## Standard of Review

The standard of review of the trial court's denial of a defendant's motion for judgment notwithstanding the verdict is limited to determining whether the plaintiff made a submissible case. *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d 752, 769 (Mo. banc 2010). To make a submissible case, the plaintiff need only adduce legal and substantial evidence to establish each element of her cause of action. *In re Cokes*, 107 S.W.3d 317, 323 (Mo.App. W.D. 2003). We make all factual inferences in favor of the verdict, and we will disregard evidence that contradicts the verdict. *Envtl. Prot., Inspection & Consulting, Inc. v. City of Kan. City*, 37 S.W.3d 360, 365–66 (Mo.App. W.D.2000).

## Law and Analysis

Burrell argues that the trial court erred in denying its motion for judgment notwithstanding the verdict in that Hutchens failed to make a submissible case with respect to the claim that she pled. We agree.

The rule in Missouri is that, in a contract case, the plaintiff may recover, if at all, only on the contract she pled; she may not recover on some other contract. *State ex rel. Wolfskill v. Shain*, 178 S.W.2d 446, 448 (Mo.1944) (quoting 1 Chitty on Pleading (16th Am. Ed.) *312) ("It is a general rule, that the contract must be stated correctly, and if the evidence differ from the statement, the whole foundation of the action fails, because the contract is entire in its nature, and must be proved as laid."); *Smith v. Hammons*, 63 S.W.3d 320, 326 (Mo.App. S.D.2002) ("A party cannot plead one contract and expect the court to enforce another."); *Swearingin v. Hartford Fire Ins. Co.*, 570 S.W.2d 810, 812–13 (Mo.App.1978); *Heard v. Stahl*, 271 S.W.2d 68, 70 (Mo.App.1954) ("When one contract is pleaded and another proved it amounts to a total failure of proof as to the contract relied upon and defeats recovery."); *Boyer v. Eberts*, 241 S.W.2d 44, 46 (Mo.App.1951); *Deisel–Wemmer–Gilbert Corp. v. David Chalmers Tobacco Co.*, 231 Mo.App. 631, 104 S.W.2d 1029, 1033 (1937) ("[W]here a plaintiff sues on an express contract, he must recover on that contract or not at all. He cannot recover on some other. . . . It is necessary that the contract as pleaded be proven and that the jury establish the contract as pleaded.").

Here, Hutchens did not prove the contract she pled. She pled that she "provided on-call coverage for Advanced Practice Nurses employed by [Burrell] for a total of 928 hours at *an agreed contract rate of $70.00 per hour.*" (Emphasis added.) She did not prove that $70 per hour was a term of her contract with Burrell. In fact, she testified that there was no agreement as to how much she would be paid or as to how she would be paid. She testified further that she and Burrell never agreed to a "per hour" rate, and she never expected a paycheck at all. Thus, the undisputed evidence was that there was no "agreed contract rate of $70.00 per hour."

Hutchens adduced evidence that she and Burrell agreed that she would receive compensation at a time and in a manner to be determined later—that she would be "compensated" but in an unspecified way and amount. As examples of the compensation contemplated by the alleged agreement, Hutchens cited Burrell's funding her trip to the conference in Boston and Burrell's giving her a higher-than-normal signing bonus as a part of her post-residency employment contract. Her counsel then argued to the jury that $70 per hour was the reasonable value of her services and that they should award that amount for 928 hours, less $4,000 for the trip to Boston.

An agreement to be paid in a manner to be determined later may be an enforceable contract in some circumstances, *Allied Disposal, Inc. v. Bob's Home Serv., Inc.*, 595 S.W.2d 417, 419–21 (Mo.App. E.D. 1980); but, in any case, it is not the same as an agreement to be paid $70 per hour. Hutchens pled the latter, and her recovery therefore depended on proof of such a contract. *See Shain*, 178 S.W.2d at 448; *Smith*, 63 S.W.3d at 326; *Swearingin*, 570 S.W.2d at 812–13; *Heard*, 271 S.W.2d at 70; *Boyer*, 241 S.W.2d at 46; *Deisel–Wemmer–Gilbert Corp.*, 104 S.W.2d at 1033. This is not a case where there is some immaterial discrepancy between the contract pled and the contract proved: the price term was the point of difference, and, as in all contracts, price is a material term. Nor is this a case where the price proved differed immaterially from the price pled. It is not as if Hutchens pled $70 an hour and proved $68 an hour; rather, she proved that she was to be compensated some undefined amount and in some undefined fashion, which is a fundamentally different contract from one for a specified hourly rate.

We by no means hold that, the moment Hutchens filed her counterclaim, she was forever stuck with the contract she pled.

A party may amend her pleading without leave of court within thirty days of filing it or at any time before the opposing party files a responsive pleading. Rule 55.33(a). Moreover, the party can thereafter amend her pleading with consent of the opposing party or with leave of court, and the court shall freely grant leave when justice so requires. *Id.* Further, a party may move to have pleadings conform to the evidence, and the court shall so amend the pleadings "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits." Rule 55.33(b). Also, issues outside the pleadings can be tried with the express or implied consent of the opposing party. *Id.*

But none of that happened here. Hutchens's pleadings were never amended before trial. At trial, Hutchens moved to amend her pleading to add a quantum meruit claim, but the trial court denied the motion, and the propriety of that ruling is not before us. Moreover, the pleadings were never amended to conform to the evidence. *See* Rule 55.33(b).

■ Nor did Burrell consent to trying any issue outside the pleadings. Burrell made a motion in limine to exclude any such evidence, and the trial court granted the motion. During trial, Burrell objected as follows: "they have pled a contract; they have pled that we agreed to pay her at $70 an hour; they pled there was an agreement. And I object to any evidence that is brought into this trial that is outside the scope of that pleading." Accordingly, it cannot be said that Burrell consented to trying any claim other than the contract Hutchens pled.

■ Even if Burrell's objections did not plainly appear from the record (and they do), a party cannot be said to have implicitly consented to trying an issue outside

the pleadings unless the "consented to" evidence would have been irrelevant to the issues that *were* contained within the pleadings. *Edna Enters., Inc. v. Spirco Envtl., Inc.*, 853 S.W.2d 388, 392 (Mo.App. E.D.1993) ("The implied consent rule applies only where the evidence presented bears solely upon the unpleaded issue and not upon issues already in the case."). Here, the details of Hutchens's alleged agreement were relevant to the contract she pled. Therefore, Burrell could not have implicitly consented to trying a separate contract, because evidence tending to *prove* a separate contract was also relevant to *disprove* the contract Hutchens pled. Thus, the trial court correctly noted that the evidence regarding Hutchens's compensation, which contradicted her pleading,

> was elicited in the course of trying to figure out what [Hutchens] thought she ought to be getting in terms of compensation and what was contracted for. So I don't think that defense counsel has opened the door to a new claim in the process of finding out what the evidence was as to the existence of a contract.

Therefore, Burrell did not implicitly consent to trying any contract apart from the one Hutchens pled.

Hutchens argues that her original pleading was sufficient to state a claim for quantum meruit. We need not address that question, because the trial court granted Burrell's motion in limine to exclude evidence of quantum meruit, denied Hutchens's request to add a quantum meruit claim, and submitted the case as a contract claim. The propriety of those rulings is not before us.

Thus, from the pleadings, Burrell was on notice that Hutchens was alleging a contract whereby Burrell agreed to pay Hutchens $70 per hour in exchange for her on-call supervision services. Burrell knew that no such contract existed; it planned its defense accordingly; and, at trial, it disproved the existence of such a contract. If Burrell had known Hutchens was attempting to prove a contract with an open price term, it might have acted differently: it might have settled the case; it might have moved to dismiss, arguing that the contract was unenforceable due to indefiniteness of terms;[3] or it might have focused its defense on proving that $70 per hour was not the reasonable value of her services. As the pleadings stood, however, Burrell knew that it only needed to disprove the existence of a contract for a specified hourly rate. Burrell did disprove it, and, absent an amendment of the pleadings, that ends the matter.[4]

### Conclusion

Hutchens did not prove the contract she pled, and Missouri law prohibited her from recovering on some other contract. Accordingly, the trial court erred in denying Burrell's motion for judgment notwithstanding the verdict, and we reverse the trial court's judgment. Pursuant to Rule 84.14, we give such judgment as the court ought to give, and we accordingly enter judgment for Burrell. Costs from the proceeding before the trial court are assessed against the Plaintiff.

LISA WHITE HARDWICK, Chief Judge, and DONALD T. NORRIS, Special Judge, concur.

---

3. We express no opinion as to the merits of such an argument.

4. Our holding on Burrell's first point renders discussion of its remaining two points unnecessary.