The VARN COMPANY, a corporation, Plaintiff-Appellant,

v.

HAMILTONIAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF FERGUSON, Defendant-Respondent.

No. 56321.

Supreme Court of Missouri, Division No. 2.

Jan. 8, 1973.

Martin M. Green, Green & Lander, Clayton, for plaintiff-appellant.

Herbert E. Bryant, Stephen M. Hereford, Gentry, Bryant & Hereford, St. Louis, for defendant-respondent.

FINCH, Chief Justice.

Plaintiff, a home improvement contractor, obtained a judgment for $38,960, plus interest, allegedly placed in a reserve account by defendant for the benefit of plaintiff.[1] The issue for determination on this appeal is whether the trial court correctly granted defendant a new trial as to Count I on the basis that plaintiff's verdict directing instruction (a modification of MAI 26.02) was prejudicially erroneous. We conclude that he did and hence affirm.

From 1959 to 1963 plaintiff did a limited amount of business with the home improvement loan department of the defendant. Plaintiff company would contract with customers to make certain improvements and would take a note therefor which it, in turn, would endorse over to defendant. When the improvements were completed, defendant would pay plaintiff the contract price for the work and thereafter the customer made payments on the note directly to defendant Savings and Loan Association, which thereby received back what it had disbursed, plus interest earned thereon.

In 1963 Mr. Varn, of plaintiff company, was solicited by a Mr. Gardner, manager of defendant's home improvement loan department, to do more of its business with defendant company. Plaintiff's evidence was that as an incentive Mr. Gardner offered to set up a reserve fund for plaintiff in the amount of $\frac{1}{2}$ of 1 per cent of the interest to be collected. The arrangements made were verbal. Thereafter, plaintiff did more of its business with defendant.

In 1964 Mr. Gardner left defendant company and was replaced by a Mr. Kinealy, who, according to Mr. Varn, stated that the same reserve fund plan would be continued.

In 1967 defendant sent to plaintiff for execution a proposed written agreement covering the reserve fund. Plaintiff company did not sign that agreement for the reason that it considered that it differed from the verbal agreement previously made. According to Mr. Varn (but denied by Kinealy), demand was then made on defendant for payment of money in the reserve account. In any event, subsequently this suit was filed and after trial plaintiff received a verdict for the sum of $44,802, which consisted of the $38,960 sued for plus interest of $5,842.

Defendant then filed a motion for new trial, attacking particularly the propriety of Instruction No. 3. The trial court sustained the motion and granted a new trial on Count I, assigning as its reason that the

---

1. Actually, plaintiff sued in three counts, but the trial court directed a verdict for defendant on both Counts II and III. Plaintiff appealed as to all three counts but has not briefed the appeal as to either Counts II or III. Plaintiff's attorney, at the time of oral argument, recognized that those appeals would have to be dismissed and the trial court's judgment as to Counts II and III would become final.

court had erred in giving Instruction No. 3, which read as follows:

"Your verdict must be for the plaintiff if you believe:

"First, defendant did not pay to plaintiff plaintiff's reserve fund under their agreement, and

"Second, because of such failure, defendant's verbal agreement with plaintiff was not substantially performed, and

"Third, plaintiff was thereby damaged.

"MAI Instruction No. 26.02 Modified Tendered by Plaintiff."

Defendant's motion for new trial and brief attacked Instruction No. 3 in various particulars. Included therein were the criticisms that the instruction assumed the existence of a bilateral contract with undisputed terms and asked the jury to decide only the question of a breach thereof, whereas there were substantial issues as to the existence of a contract, and its terms, as well as breach.

We need not detail all the evidence in this opinion. Suffice it to say that what agreement was made in 1963 was very much in dispute. Mr. Varn, for plaintiff, testified that ½ of 1 per cent of interest to be received by defendant on notes endorsed to it was to be put in a reserve account which was not subject to deduction of any kind and could be withdrawn by plaintiff at any time. On the other hand, defendant offered evidence that the reserve was to be charged with any losses incurred by defendant in connection with notes purchased from plaintiff, and plaintiff could withdraw therefrom only when and to the extent the reserve fund exceeded 10 per cent of outstanding loans purchased from plaintiff. In addition, defendant offered evidence that the general industry practice called for such offsets. It also offered evidence that three notes had been offset against the reserve at the direction of plaintiff.

If plaintiff's position was correct, it was entitled to recover the full $38,960 sued for because that amount had been placed in the reserve account by defendant. On the other hand, if defendant was correct with reference to how the reserve was to be handled and what was to be charged against it, the amount in the reserve account at the time of trial was approximately $200. As counsel for plaintiff stated during oral argument, the real conflict was under what conditions payments from the reserve fund were to be made to plaintiff. Was it entitled to approximately $39,000 or only $200 at the time of trial?

■ It seems clear that MAI 26.02 is not intended for this kind of case. It is captioned: "Verdict Directing—Breach of Bilateral Contract—Breach Sole Issue." Thus, as drafted, it is intended for use in situations wherein the existence and terms of a contract are undisputed and the sole question for the jury to decide is whether defendant has breached that contract, and if so, the damage resulting.

■ Did the modification of 26.02 made by plaintiff adapt it to fit this case? We think not. A comparison of Instruction No. 3 with MAI 26.01 (verdict directing form for recovery for breach of a unilateral contract) will so demonstrate. As a condition to recovery by plaintiff, 26.01 requires that the jury find what defendant agreed to do if plaintiff did certain things, that plaintiff performed (the instruction is to set out that performance), that it did so with intent to accept defendant's proposal, that defendant was notified, that defendant breached and that plaintiff was damaged. In other words, MAI 26.01 requires a finding of the existence of a contract, its terms, a breach by defendant and damage. Instruction No. 3 did not require the jury to find what defendant promised to do if plaintiff did certain things. In other words, it did not submit to the jury and require a finding as to what agreement, if any, was made. Accordingly, the trial court correctly granted a new trial as to

Count I and we affirm his action in so doing. Plaintiff's appeal as to Counts II and III is dismissed because of plaintiff's failure to brief them as required by our rules.

All of the Judges concur.