J. Vern NILSSON,
Appellant-Cross-Respondent,

v.

CHEROKEE CANDY AND TOBACCO
CO., Mound City Industries, Inc., M–C
Realty Investment Corporation of St.
Louis, M–C Sales, Inc., and Manufactur-
er's Specialty Company, Inc., Respon-
dents-Cross-Appellants.

Nos. 43921, 43922.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 10, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Applications to Transfer Denied
Oct. 18, 1982.

Ben Ely, Jr., St. Louis, for appellant-cross-respondent.

Sidney Fortus, Clayton, for respondents-cross-appellants.

CRIST, Judge.

Action for breach of contract by plaintiff, J. Vern Nilsson, against his former employers: Cherokee Candy and Tobacco Company (Cherokee); Mound City Industries, Inc. (Mound City); M–C Realty Investment Corporation of St. Louis (M–C Realty); and M–C Sales, Inc., (M–C Sales). Plaintiff alleged defendants failed to pay him his due under a profit-sharing bonus agreement. Two defendants, Cherokee and Mound City counterclaimed, alleging plaintiff converted certain items of personal property. The jury returned a verdict in favor of plaintiff against all defendants on the contract action, assessing damages at $150,000.00. The jury found against Cherokee and Mound City on their counterclaim.

Defendants jointly filed a motion for judgment in accordance with their motion for directed verdict filed at the close of all the evidence or, in the alternative, for new trial. This motion asserted 54 points of error. Defendants thereafter filed a supplemental motion for new trial alleging two further errors by the trial court. The trial court overruled defendants' joint motion for judgment in accordance with their motion for a directed verdict at the close of all the evidence, but granted a new trial on four points asserted by defendants.

Nilsson and defendants appeal. Nilsson challenges the grant of a new trial. Defendants assail the trial court's failure to sustain their joint motion for judgment in accordance with their motion for directed verdict at the close of all the evidence. We affirm.

The trial court ordered a new trial because of perceived error in plaintiff's verdict director, Instruction No. 7. The instruction read:

Your verdict must be for plaintiff J. Vern Nilsson on Plaintiff's claim for damages if you believe:

First, defendants agreed to pay plaintiff a bonus of 25 per cent of defendants' net profits before taxes plus 25 per cent of any money paid to Mr. Cervantes or Mr. Murphy other than insurance premiums or attorneys' fees, after deducting 12 per cent of the net worth of defendant companies, effective with the fiscal year starting November 1, 1968 and ending at the termination of plaintiff's services, and

Second, defendants failed to pay plaintiff his full bonus of 25 per cent of defendants' net profits before taxes from November 1, 1975 through June 21, 1977, the date his services were terminated, and failed to pay plaintiff his bonus of 25 per cent of Mr. Cervantes' salary from June 1, 1973 through June 21, 1977, after deducting 12 per cent of the net worth of defendant companies from the sum of defendants' net profits and the salary of Mr. Cervantes for the periods mentioned, and

Third, plaintiff was thereby damaged. The instruction followed MAI–26.06 (1980 Supp.) "Verdict Directing—Bilateral Contract—Terms of Agreement in Issue" in effect at the time of trial.

This dispute is based on a letter plaintiff received dated November 10, 1969, from a Mr. Murphy, a co-owner of defendants. Murphy hired plaintiff to be General Manager of Mound City and M–C Sales, Inc. on August 21, 1967. The letter stated:

Mound City Tobacco Company is instituting a bonus program and the present formula is as follows: To the net profit before taxes will be added the sum of $6,000 plus any money paid through the year to Messrs. Cervantes or Murphy other than insurance premiums or attorneys' fees; from this amount will be deducted 12 per cent of the net worth as shown on the prior year's balance sheet (the definition of net worth for these purposes shall be retained earnings plus capital investment less $40,000 and the amount reflected on the balance sheet for the purchase of James A. Holland's stock shall not be included); 50 per cent of this net figure will be the bonus and it will be divided equally between the two of you. If there is any question at all about this, please call me and I am writing this

letter so that it may be exhibited to the auditor since the plan is effective with the fiscal year just ended.

Plaintiff helped calculate and received the bonus yearly from the date of the letter through October 31, 1976. Plaintiff's employment was terminated June 21, 1977. The annual profit-sharing bonuses were dispersed by check from Mound City. Evidence indicated the payments were prorated among certain defendants based upon combined financial statements from all defendants. By submitting financial statements for the express purpose of calculating plaintiff's bonus, all interconnected defendant corporations, co-owned and directed by Murphy, adopted the bonus agreement contained in the 1969 letter.

■ The trial court concluded, correctly, that plaintiff made a submissible case on the issue of whether an enforcible contract existed based upon defendants' promise to pay the bonus and plaintiff's continued employment at his terminable-at-will job. *See, Wellington v. Con P. Curran Printing Co.,* 216 Mo.App. 358, 268 S.W. 396 (1925). *See, also,* Corbin, Contracts, § 192; Annot., Promise by Employer to Pay Bonus as Creating Valid and Enforcible Contract, 43 A.L.R.3d 503. *Compare Feinberg v. Pfeiffer Co.,* 322 S.W.2d 163 (Mo.App.1959).

■ Part of the court's reasoning in granting a new trial was that insofar as Instruction No. 7 was modeled on a bilateral verdict director, it was prejudicially erroneous in misstating the law of the case. Since no *promise* was made by plaintiff in return for defendants' promise, the trial court correctly concluded a bilateral contract could not have been formed. *Compare Vondras v. Titanium Research & Dev. Co.,* 511 S.W.2d 883 (Mo.App.1974) holding the underlying contract of employment to be bilateral based upon an employee's implied promise to serve and use best efforts. Plaintiff's *performance* in return for defendants' promise constituted an unilateral contract. *Wellington, supra,* 268 S.W. at 398.

Plaintiff relies on dicta in *Hinkeldey v. Cities Service Oil Co.,* 470 S.W.2d 494, 501 (Mo.1971) to support his contention a bilat-

eral contract existed. At issue in Hinkeldey was whether or not a contract existed, not the nature of the contract. The court determined the employees had enforcible contractual rights to severance pay; the nature of the contract from which those rights arose, unlike the present case, was unimportant to the decision reached. Our previous holding in *Wellington, supra,* controls.

■ We affirm the grant of a new trial because Instruction No. 7 failed to hypothesize any agreement *between* the parties. Defendants contested the existence of a contract with plaintiff. *Compare Gottlieb v. Hyken,* 448 S.W.2d 617 (Mo.1970) where there was no question the parties entered an agreement. As stated in *Gottlieb,* "it was the obligation of the [plaintiff] to prove the allegations necessary to recovery and submit them for a finding by the jury." *Id.* at 620. At issue here is the existence of a contract which requires offer, acceptance, and consideration. Assuming, *arguendo,* the bonus plan could be considered a bilateral contract, *Vondras, supra,* nevertheless requires the legal elements of the contract to be submitted to the jury when in dispute. *See also, Varn Co. v. Hamilton Federal Savings & Loan,* 488 S.W.2d 649, 651 (Mo. 1973).

Plaintiff contends his acceptance by performance is sufficiently implied in the instruction given. We disagree. The instruction sets forth when the defendants proposed to pay the bonus, not that it was in return for plaintiff's continued employment. Furthermore, the jury was not required to determine whether or not plaintiff performed with an intent to accept defendants' offer as required in the proper instruction, MAI–26.01—"Verdict Directing—Breach of Unilateral Contract.' *Varn, supra.* The trial court's grant of a new trial based on the failure to submit the issue of plaintiff's acceptance, as raised in defendants' motion for a new trial, was proper.

■ Defendants, in appealing the trial court's refusal to sustain their motion for judgment in accordance with their motion for a directed verdict, raise two points.

They claim plaintiff presented no evidence of a contract indicating defendants owed plaintiff more money as a bonus than what was paid to and accepted by plaintiff for the year ending October 31, 1976. Essentially, defendants claim plaintiff furnished no consideration to bind them to the bonus offer. Viewing the evidence in a light most favorable to plaintiff, *Huckstep v. Richards,* 609 S.W.2d 731, 732 (Mo.App.1980), the jury could have found the bonus offer induced plaintiff to remain in the employ of his terminable-at-will job. *See: Wellington, supra,* 268 S.W. at 399; *Feinberg, supra* at 167–68. Next, defendants assert, assuming a contract existed, a course of dealing between them and plaintiff in arriving at the bonus figure shows plaintiff received the correct bonus amount. This is essentially a question of fact for the trier of fact to determine. Both sides produced lengthy testimony on this issue. The trial court properly overruled defendants' motion for judgment.

The order of the trial court granting a new trial and overruling defendants' motion for judgment is affirmed.

GUNN, P. J., and SIMON, J., concur.